THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

DUANE BOWEN; AMANDA MAIER;
KATHLEEN MULLER; and LUIS ORTIZ, on
behalf of themselves and on behalf of others
similarly situated,

Plaintiffs,

v.

CSO FINANCIAL, INC., a/k/a CREDIT
SERVICES OF OREGON; J. MICHAEL
UNFRED, d/b/a J. MICHAEL UNFRED LLC;
and DOES ONE THROUGH TEN,

Defendants.

NO. 2:17-cv-00677-JCC

**SECOND AMENDED COMPLAINT
FOR INJUNCTIVE RELIEF AND
DAMAGES FOR VIOLATIONS OF
THE FAIR DEBT COLLECTION
PRACTICES ACT AND THE
WASHINGTON CONSUMER
PROTECTION ACT**

## I. INTRODUCTION

Plaintiffs are five Washington consumers from whom Defendants CSO Financial, Inc.

("CSO"), a/k/a Credit Services of Oregon and J. Michael Unfred ("Unfred") collected or

attempted to collect payment for dishonored checks, along with check fees. In their collection

efforts, Defendants used Notice of Dishonor of Check forms ("Notices of Dishonor") and

letters that include unlawful threats of criminal prosecution, demand fees in excess of those

permitted by state law, and do not include legally mandated consumer notices. Defendants'

check collection practices manifest either a shocking ignorance or a knowing disregard of state

and federal law. In this class action, Plaintiffs seek to enjoin Defendants' unlawful collection

SECOND AMENDED COMPLAINT FOR INJUNCTIVE
RELIEF AND DAMAGES FOR VIOLATIONS OF THE
FAIR DEBT COLLECTION PRACTICES ACT AND THE
WASHINGTON CONSUMER PROTECTION ACT - 1
CASE NO. 2:17-cv-00677-JCC

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1  practices, to vacate any unlawful default judgments entered against Plaintiffs and the Class, and

2  to recover damages to which they and the Class are entitled.

## II. JURISDICTION AND VENUE

4  1.    Defendants are within the jurisdiction of this Court.  CSO is registered to do

5  business and does business in Washington State as an out-of-state debt collector.  Unfred does

6  business in Washington State by collecting or attempting to collect debts from debtors who

7  wrote checks in Washington State.  Thus, Defendants have obtained the benefits of the laws of

8  Washington and are subject to the jurisdiction of this Court.

9  2.    Venue is proper in King County because the acts and transactions occurred here,

10  Plaintiffs' cause of action arose in King County, Plaintiffs reside in King County, and

11  Defendants transact business in King County.  RCW 4.12.020(3); RCW 4.12.025(3).

## III. PARTIES

13  3.    Plaintiff Duane Bowen is a person residing in King County, Washington who is

14  a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), and a "debtor" as defined in

15  RCW 19.16.100(7).

16  4.    Plaintiff Amanda Maier is a person residing in King County, Washington who is

17  a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), and a "debtor" as defined in

18  RCW 19.16.100(7).

19  5.    Plaintiff Kathleen Muller is a person residing in King County, Washington who

20  is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), and a "debtor" as defined in

21  RCW 19.16.100(7).

22  6.    Plaintiff Luis Ortiz is a person residing in King County, Washington who is a

23  "consumer" as that term is defined by 15 U.S.C. § 1692a(3), and a "debtor" as defined in RCW

24  19.16.100(7).

25  7.    Defendant CSO is headquartered in Roseburg, Oregon, and is a debt collection

26  company that operates in the western United States, collecting debts allegedly owed to private

27

SECOND AMENDED COMPLAINT FOR INJUNCTIVE
RELIEF AND DAMAGES FOR VIOLATIONS OF THE
FAIR DEBT COLLECTION PRACTICES ACT AND THE
WASHINGTON CONSUMER PROTECTION ACT - 2
CASE NO. 2:17-CV-00677-JCC

creditors, such as The Kroger Company ("Kroger").  It is engaged in a business the principal purpose of which is the collection of debts using the mails and telephone.  It regularly collects and attempts to collect, directly or indirectly, debts alleged to be due another, and is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

8.     CSO is also directly or indirectly engaged in soliciting claims for collection, or collecting or attempting to collect claims owed or due or asserted to be owed or asserted to be due to another person.  Its collection activities in Washington are governed by the Washington Collection Agency Act, RCW 19.16, *et seq.* ("CAA"), and it is registered as an "out-of-state collection agency" with the State of Washington.

9.     Unfred, doing business as "J. Michael Unfred, LLC," is an attorney licensed to practice law in Oregon and Washington.  In Washington, he collects and attempts to collect debts referred to him by CSO, and he is engaged in a business in which he regularly collects and attempts to collect, directly or indirectly, debts alleged to be due another, and is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

10.     On information and belief, Plaintiffs allege that during all times relevant herein, Unfred's legal practice in the State of Washington consisted primarily, if not exclusively, of directly or indirectly soliciting claims for collection, or collecting or attempting to collect claims owed or due or asserted to be owed or due a third party.  His collection activities in Washington are governed by the Washington Collection Agency Act, but he is not registered as "collection agency" or an "out-of-state collection agency" with the State of Washington.

11.     When Unfred collects or attempts to collect debts referred to him by CSO, he acts as CSO's agent.  On information and belief, Plaintiffs allege that CSO knows the collection methods and procedures that Unfred uses, that it has the right to control Unfred's collection activities, and that it exercises that right as it deems necessary.

12.     Plaintiffs are ignorant of the true names and capacities, whether individual, corporate, or otherwise, of defendants sued herein as Does One through Ten.  Plaintiffs will

SECOND AMENDED COMPLAINT FOR INJUNCTIVE
RELIEF AND DAMAGES FOR VIOLATIONS OF THE
FAIR DEBT COLLECTION PRACTICES ACT AND THE
WASHINGTON CONSUMER PROTECTION ACT - 3
CASE NO. 2:17-cv-00677-JCC

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1    seek leave to amend this complaint when the true names and capacities of said defendants are

2    ascertained.

3         13.    Plaintiffs allege on information and belief that each Defendant herein is acting in

4    concert with, and is the agent and/or employee of, each other Defendant.

5         14.    Plaintiffs also allege on information and belief that the interests of all

6    Defendants have been so unified that their separate personalities no longer exist and that if the

7    acts of the corporate Defendant CSO are treated as those of the corporation alone, an

8    inequitable result will follow.

9                        **IV.  FACTUAL ALLEGATIONS**

10   **A.    Plaintiff Duane Bowen**

11        15.    Duane Bowen currently lives in Issaquah, Washington and works at Overlake

12   Hospital as a certified lab assistant.

13        16.    In early to mid-2016, Mr. Bowen checked his credit report because he was

14   considering moving into a new apartment.  He was surprised to discover that there was a

15   dishonored check in the amount of $212.55 showing on his credit report.  The check was

16   written by Mr. Bowen on July 10, 2014 to Fred Meyer from Mr. Bowen's Bank of America

17   checking account that he shared with his father.  He remembered writing the check to Fred

18   Meyer for personal purposes, but did not remember being informed that it had been dishonored.

19        17.    Shortly thereafter, on May 2, 2016, he was served with a summons and

20   complaint telling him that he was being sued by CSO.

21        18.    This is the first communication Mr. Bowen recalls receiving from CSO, and he

22   did not know what CSO was.

23        19.    After being served, Mr. Bowen immediately tried to settle the collection suit by

24   calling CSO.

25        20.    When he contacted CSO's agent, Mr. Bowen explained that he was unaware that

26   his check, written to Fred Meyer for groceries, was dishonored.  CSO's agent informed Mr.

27

SECOND AMENDED COMPLAINT FOR INJUNCTIVE
RELIEF AND DAMAGES FOR VIOLATIONS OF THE
FAIR DEBT COLLECTION PRACTICES ACT AND THE
WASHINGTON CONSUMER PROTECTION ACT - 4
CASE NO. 2:17-cv-00677-JCC

Bowen that he owed about $900.00.  Mr. Bowen told the agent that he would pay twice the amount of the check to settle the collection suit, but could not afford to pay the full amount being demanded.  The agent refused Mr. Bowen's offer.

21.    Multiple times thereafter, Mr. Bowen tried to contact the CSO agent he spoke with to settle the matter, but was unable to reach a CSO collector.

22.    On May 20, 2016, CSO filed its summons and complaint in King County District Court in Issaquah, commencing case number 163-03964.

23.    On June 10, 2016 and again on June 16, 2016, CSO, by way of Unfred, filed a Motion for Default seeking $978.84.  In its Motion for Default, CSO alleged that Mr. Bowen had not appeared.  Attached to the motion for default was a Notice of Dishonor and a letter purportedly sent to Mr. Bowen by Unfred, copies of which are attached hereto as Exhibit 1 and Exhibit 2.

24.    The Notice of Dishonor is dated August 31, 2015 and was purportedly sent by CSO to Mr. Bowen.  It has subjoined to it a "Declaration of Service By Mail" allegedly signed by an unknown person entitled "Manager for CSO Financial, Inc."  The declaration states that the letter was mailed on August 31, 2015.

25.    The Notice of Dishonor contains the following threat:

> You are also CAUTIONED that law enforcement agencies may be provided with a copy of this notice of dishonor and the check drawn by you for the possibility of proceeding with criminal charges if you do not pay the amount of this check within thirty-three days after the date this letter is postmarked.

26.    The Notice of Dishonor does not contain any information regarding "validation" of the alleged debt, as required by 15 U.S.C. § 1692g(a).

27.    If the Notice of Dishonor was actually sent on August 31, 2015, it would have been the initial communication from CSO regarding this check.

SECOND AMENDED COMPLAINT FOR INJUNCTIVE
RELIEF AND DAMAGES FOR VIOLATIONS OF THE
FAIR DEBT COLLECTION PRACTICES ACT AND THE
WASHINGTON CONSUMER PROTECTION ACT - 5
CASE NO. 2:17-cv-00677-JCC

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

28.     The letter from Unfred is dated February 10, 2016.  The letter demands a total balance of $308.05, including "Principal" of $212.55, "Interest" of $35.50, and "Penalty" of $60.00.  The letter describes these amounts in the following confusing manner: "our client is seeking the principal balance, interest, and NSF fee in the amount of $288.05 and the handling fee of $20.00."  The letter states that it is being sent pursuant to RCW 62A.3-540 and further states "[a] Notice of Dishonor is attached to this letter."  Unfred's letter includes a "validation" notice that fails to advise the recipient that the request for validation must be in writing and that Unfred has no legal obligation to respond to verbal disputes.  Further, the letter does not include instructions regarding where to send payment.

29.     If the Unfred letter was actually sent on February 10, 2016, it would have been the initial communication from Unfred regarding this alleged debt.

30.     The district court entered an order of default on June 23, 2016.

31.     Mr. Bowen was finally able to reach someone at CSO by telephone after CSO obtained its judgment.

32.     Each time CSO has contacted Mr. Bowen, CSO has demanded more money.

33.     Mr. Bowen has been unable to pay the full amount demanded by CSO because of the size of the debt.

34.     As of April 19, 2017, Mr. Bowen has paid CSO a total of $214.00, which is more than the face amount of the original check.

**B.    Plaintiff Kathleen Muller**

35.     Kathleen Muller currently lives in Kent, Washington with her son who helps care for her.

36.     Ms. Muller suffered significant physical and mental trauma as a result of abuse by her former spouse.  In late 2013 or early 2014, Ms. Muller left her abusive husband and moved in with her son in Kent.  Ms. Muller was unable to work due to post traumatic stress

SECOND AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT AND THE WASHINGTON CONSUMER PROTECTION ACT - 6 CASE NO. 2:17-cv-00677-JCC

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1  disorder.  Ms. Muller was living off minimal state and federal aid, with financial assistance

2  from her son who helps support her.

3      37.    On June 12, 2014, Ms. Muller wrote two checks to Fred Meyer, one for $11.64

4  to pay for medicine to treat her PTSD and one for $131.60 to pay for groceries.  At the time she

5  wrote these checks, she believed that she had funds sufficient to cover both checks.  She did not

6  realize that her son had written a check for their rent from her account and had not deposited

7  money back into the account.

8      38.    On June 25, 2014, Ms. Muller discovered that the checks she wrote to Fred

9  Meyer were dishonored when she received an insufficient funds notice from Chase bank letting

10 her know the checks had been returned unpaid.  At that time, Ms. Muller had no money to pay

11 the checks due to her inability to work.

12     39.    Around May or June 2015, Unfred sent Ms. Muller a letter with an attached

13 Notice of Dishonor purporting to be sent pursuant to RCW 62A.3-520.  A copy of the letter is

14 attached hereto as Exhibit 3.  The letter states that it regards "CSO Financial vs. Kathleen S.

15 Muller."  The letter states that there is a "Balance on Accounts" of $250.00 and itemizes

16 charges of $143.24 in "Principal," $15.12 in "Interest" and $91.64 in "Penalty."  The letter also

17 states that Ms. Muller can ask for validation of the debt, but fails to state that the validation

18 request must be in writing.

19     40.    The Notice of Dishonor is confusing.  It states that unless Ms. Muller pays the

20 "balance of these checks," she may very well have to pay the "[c]osts of collecting the amount

21 of the check, including an attorney's fees" set by the court; 12% interest on the check; and "300

22 [] dollars or three times the face amount of the check, whichever is less."  The reference to only

23 one check in the cautionary statement is confusing, as the letter states there were two checks.

24 The itemization of the interest for both checks at the top of the Notice of Dishonor and in the

25 Unfred letter makes it seem that the interest is due immediately, which contradicts the

26

27

SECOND AMENDED COMPLAINT FOR INJUNCTIVE
RELIEF AND DAMAGES FOR VIOLATIONS OF THE
FAIR DEBT COLLECTION PRACTICES ACT AND THE
WASHINGTON CONSUMER PROTECTION ACT - 7
CASE NO. 2:17-cv-00677-JCC

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1  cautionary statement.  Most perplexing, the letter gives no deadline by which Ms. Muller must

2  respond to avoid the increased fees and does not tell her where to send a payment.

3       41.     This letter from Unfred was his initial communication to Ms. Muller regarding

4  this alleged debt.

5       42.     Around September of 2015, Unfred sent another letter with a different Notice of

6  Dishonor attached, purportedly pursuant to RCW 62A.3-540.  A copy of that letter is attached

7  hereto as Exhibit 4.  The new letter is dated August 31, 2015 and gives a lower "Balance on

8  Accounts" than the earlier letter.  The August 2015 letter states that Ms. Muller had an account

9  balance of $183.24.  It itemized the charges as a $40.00 handling fee and principal of $143.24.

10 The letter does not tell Ms. Muller where to send a validation request or a payment.

11      43.     The Notice of Dishonor attached to the August 2015 letter was different from

12 the earlier one.  The second Notice of Dishonor lists both checks, but does not itemize the

13 interest, fees, or check charge included in the first letter.  It does contain a cautionary statement,

14 but the statement cautions "that unless you pay the amount of this check and a handling fee of

15 $40.00 within thirty-three days" after the date of postmark, the same costs, interest, fees and

16 penalties included in the first letter may be added.  The second letter, like the first, is confusing

17 in that the cautionary statement about fees and costs references "the check" and not multiple

18 checks.  The second Notice of Dishonor also threatens that "law enforcement agencies may be

19 provided with a copy of this notice of dishonor and the check … for the possibility of

20 proceeding with criminal charges" if the check was not paid within thirty-three days.  This

21 threat frightened Ms. Muller, who was still dealing with the stress of the abuse of her ex-

22 husband.  Her distress was compounded by the fact that the letter did not tell her where to send

23 the payment.

24      44.     CSO filed a summons and complaint against Ms. Muller in King County District

25 Court Case No. 152-17629 in June of 2016.  The summons and complaint sought over $584.92

26 in damages, fees, and costs, not including attorneys' fees.  Ms. Muller could not afford to pay

27

SECOND AMENDED COMPLAINT FOR INJUNCTIVE
RELIEF AND DAMAGES FOR VIOLATIONS OF THE
FAIR DEBT COLLECTION PRACTICES ACT AND THE
WASHINGTON CONSUMER PROTECTION ACT - 8
CASE NO. 2:17-cv-00677-JCC

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1   this significantly higher amount.  On August 29, 2016, CSO obtained a default judgment in the

2   amount of $1,132.38.

3       45.    CSO sent Ms. Muller a letter dated September 29, 2016, which is attached

4   hereto as Exhibit 5.  The letter screams "THIS is a demand for PAYMENT IN FULL!!!"  It

5   demands $1,143.92.

6       46.    Ms. Muller is unable to pay CSO the amount demanded and remains on public

7   assistance.

8   **C.    Plaintiff Amanda Maier**

9       47.    Amanda Maier currently lives in Seattle, Washington.

10      48.    On June 3, 2013, Ms. Maier wrote a check for $133.98 to Quality Food Centers

11  ("QFC") for groceries.

12      49.    That check was dishonored upon presentment because there were insufficient

13  funds in Ms. Maier's account when QFC tried to deposit the check.

14      50.    In or around 2014, Ms. Maier began receiving calls from a company she had

15  never heard of called CSO.  The callers were harassing her and demanded that she pay the

16  balance of the dishonored check written to QFC plus additional fees and costs that were not

17  explained to Ms. Maier.  Ms. Maier explained multiple times that she could not pay the

18  amounts they demanded because she did not have the money.

19      51.    Ms. Maier had previously been a victim of identity theft and was wary of people

20  that she did not know demanding money.

21      52.    On April 17, 2014, CSO filed a lawsuit against Ms. Maier in King County

22  District Court, Case No. 145-12736.

23      53.    On August 26, 2015, the court entered a Document Revision Form returning an

24  attached document not in the District Court's online files.  The Document Revision Form states

25  that the unknown attached documents are being returned because "No notice of dishonor and

26

27

SECOND AMENDED COMPLAINT FOR INJUNCTIVE
RELIEF AND DAMAGES FOR VIOLATIONS OF THE
FAIR DEBT COLLECTION PRACTICES ACT AND THE
WASHINGTON CONSUMER PROTECTION ACT - 9
CASE NO. 2:17-cv-00677-JCC

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1  no declaration of mailing of notice of dishonor. Assignment must indicate debtor, amount and

2  account. All other docs OK. Fee waived."

3      54.    On October 19, 2015, the district court entered an order of default and judgment

4  in the amount of $1,076.55.  Attached as supporting documentation to the motion and order on

5  file was a letter from Unfred with an attached Notice of Dishonor.  A copy of the Unfred letter

6  is attached hereto as Exhibit 6.

7      55.    Unfred's February 10, 2014 letter is two pages long and includes a Notice of

8  Dishonor on a third page.

9      56.    The top of the first page of the Unfred letter states a principal balance of

10  $133.98 (the amount of the check), "Interest" of $10.92, "Penalty" of $60.00, and listed a total

11  "Balance on Accounts" of $204.90.  The letter says: "At this time, our client is seeking the

12  principal balance, interest, and NSF fee in the amount of $184.90 and a handling fee of

13  $20.00."  It goes on: "Consistent with RCW 62A.3-520 this letter should serve as a demand for

14  payment of $204.90 and a representation that if payment is not made, attorneys fees and

15  penalties will be sought under that statute."

16      57.    The Unfred letter also includes a "validation" notice that fails to advise Ms.

17  Maier that the request for validation must be in writing and that Unfred had no legal obligation

18  to respond to verbal disputes.

19      58.    Unfred's February 10, 2014 letter, if it was actually mailed to Ms. Maier, was

20  Unfred's initial communication to Ms. Maier regarding this alleged debt.

21      59.    On the third page of the letter, the Notice of Dishonor demands interest in the

22  amount of $10.92, a handling fee of $20.00, and a check charge fee of $40.00.

23      60.    The Notice of Dishonor does not include a deadline for payment or address

24  where payment should be sent.

25

26

27

SECOND AMENDED COMPLAINT FOR INJUNCTIVE
RELIEF AND DAMAGES FOR VIOLATIONS OF THE
FAIR DEBT COLLECTION PRACTICES ACT AND THE
WASHINGTON CONSUMER PROTECTION ACT - 10
CASE NO. 2:17-cv-00677-JCC

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

61.    A "Declaration of Service by Mail" signed by Unfred, stating that the Notice of Dishonor was mailed on February 10, 2014, was filed by Defendants in CSO's lawsuit against Ms. Maier.

62.    Unfred's letter demands payment of statutory interest at the same time the letter was purportedly sent.

63.    On December 7, 2015, CSO filed a Partial Satisfaction of Judgment stating that Ms. Maier had paid CSO $574.57 and there was a remaining balance of $507.26 on the judgment.

64.    On February 16, 2017, Ms. Maier paid CSO $135.00 using CSO's online payment website "paycso.com."

65.    The following week, Ms. Maier received a letter from CSO stating that they had received her payment, but acceptance of the "partial payment does not constitute a payment arrangement."  The letter also states that there is still due "principal" in the amount of $153.98; "interest" of $0.00; "Fees (court costs including accruing costs)" of $213.00; and "Judgment Interest" of $81.03.  The letter alleges that the total amount due is $448.01.

**D.    Plaintiff Luis Ortiz**

66.    Luis Ortiz currently lives in Auburn, Washington with his wife, Ana Segovia, and their three daughters.  Mr. Ortiz and Ms. Segovia share a joint bank account.

67.    In August 2013, Ms. Segovia's personal and business checkbooks were stolen out of her purse while she was at work.  She discovered that they were missing when she returned home that evening.  Ms. Segovia filed a police report the next day documenting the theft.

68.    After filing the police report, Mr. Ortiz and Ms. Segovia discovered that multiple fraudulent checks were written using their stolen checkbook, including checks to Safeway, Goodwill, QFC, and Fred Meyer.

SECOND AMENDED COMPLAINT FOR INJUNCTIVE
RELIEF AND DAMAGES FOR VIOLATIONS OF THE
FAIR DEBT COLLECTION PRACTICES ACT AND THE
WASHINGTON CONSUMER PROTECTION ACT - 11
CASE NO. 2:17-cv-00677-JCC

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

69.     Mr. Ortiz and his wife have been contacted by multiple entities attempting to collect on the fraudulently written checks. Each time Mr. Ortiz and Ms. Segovia have been contacted by an entity attempting to collect on the fraudulently written checks, they have sent a notarized letter explaining that the checks were fraudulent. After sending the letters, the debts owed to QFC and Goodwill were cleared.

70.     Ms. Ortiz first discovered that two of the checks were fraudulently written to Fred Meyer when Kroger sent a Notice of Returned Check in October 2013. After receiving the notice, Mr. Ortiz's daughter, Elizabeth Ortiz, attempted to call Kroger to clear up the debt. She called many times and no one picked up. When she finally reached a live person, she was told to fax the police report and that doing so would "take care of it." She then faxed the police report to Kroger. Neither she nor Mr. Ortiz ever heard from Kroger again regarding the checks, and they assumed the debt had been cleared, as the other debts had been.

71.     CSO filed a summons and complaint against Mr. Ortiz in King County District Court, Case No. 142-00427, in June of 2014. Neither Mr. Ortiz nor any member of his household recalls being served with a summons and complaint. On December 28, 2014, CSO obtained a default judgment in the amount of $1,269.97. Attached as supporting documentation to the motion and order on file was a letter from Unfred with an attached Notice of Dishonor. A copy of the Unfred letter is attached hereto as Exhibit 7.

72.     Unfred's April 8, 2014 letter is two pages long and includes a Notice of Dishonor on a third page.

73.     The top of the first page of the Unfred letter states a principal balance of $263.21 (the total amount of the checks), "Interest" of $21.06, "Penalty" of $120.00, and listed a total "Balance on Accounts" of $404.27. The letter says: "At this time, our client is seeking the principal balance, interest, and NSF fee in the amount of $364.27 and a handling fee of $40.00." It goes on: "Consistent with RCW 62A.3-520 this letter should serve as a demand for

SECOND AMENDED COMPLAINT FOR INJUNCTIVE
RELIEF AND DAMAGES FOR VIOLATIONS OF THE
FAIR DEBT COLLECTION PRACTICES ACT AND THE
WASHINGTON CONSUMER PROTECTION ACT - 12
CASE NO. 2:17-cv-00677-JCC

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

payment of $404.27 and a representation that if payment is not made, attorneys fees and penalties will be sought under that statute."

74.     The Unfred letter also includes a "validation" notice that fails to advise Mr. Ortiz that the request for validation must be in writing and that Unfred had no legal obligation to respond to verbal disputes.

75.     Unfred's April 8, 2014 letter, if it was actually mailed to Mr. Ortiz, was Unfred's initial communication to Mr. Ortiz regarding this alleged debt.

76.     The Notice of Dishonor does not include a deadline for payment or address where payment should be sent.

77.     A "Declaration of Service by Mail" signed by Unfred, stating that the Notice of Dishonor was mailed on April 8, 2014, was filed by Defendants in CSO's lawsuit against Mr. Ortiz.

78.     Unfred's letter demands payment of statutory interest at the same time the letter was purportedly sent.

79.     Mr. Ortiz first learned that CSO was still attempting to collect on the fraudulent checks when he began receiving notices of garnishment in June 2016.

80.     Mr. Ortiz has not paid the default judgment because he did not write the checks.

**E.     Washington Check Collection Statutes**

81.     The Negotiable Instruments provisions of the Uniform Commercial Code adopted by the State of Washington include a section that provides for fees and costs that may be assessed and collected by a collection agency when a person writes a check that is dishonored on presentment.  Those provisions authorize a collection agency collecting an unpaid check to collect the check amount plus a reasonable handling fee.  RCW 62A.3-530(1).

82.     Only if the collection agency sends a Notice of Dishonor that meets the statutory requirements of RCW 62A.3-540—and if the check amount plus reasonable handling fee are not paid within 33 days after the postmarked date of the notice—may the agency seek

SECOND AMENDED COMPLAINT FOR INJUNCTIVE
RELIEF AND DAMAGES FOR VIOLATIONS OF THE
FAIR DEBT COLLECTION PRACTICES ACT AND THE
WASHINGTON CONSUMER PROTECTION ACT - 13
CASE NO. 2:17-cv-00677-JCC

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1    collection costs of up to $40.00 per check, 12% interest, treble damages of up to $300,

2    attorneys' fees, and court costs. RCW 62A.3-530(1).

3         83.    The CAA prohibits a collection agency from representing or implying that an

4    existing obligation may be increased by fees or charges that may not legally be added to the

5    obligation. RCW 19.16.250(15). The CAA further prohibits a collection agency from

6    collecting or attempting to collect anything more than the principal amount of the claim and

7    any sum other than allocable interest, collection costs, or handling fees expressly authorized by

8    statute, and in the case of suit, attorney's fees and taxable court costs. RCW 19.16.250(21).

9    The CAA also prohibits a collection agency from threatening criminal prosecution or

10   threatening to take any action against the debtor which the licensee cannot legally take at the

11   time the threat is made. RCW 19.16.250(13); RCW 19.16.250(16).

12        84.    Under the CAA, if a collection agency engages in conduct prohibited by RCW

13   19.16.250, the collection agency forfeits the right to collect anything more than the face amount

14   of the check. RCW 19.16.450.

15        85.    In collecting checks, Defendants purport to rely upon Washington's Notice of

16   Dishonor of Check statutes, to demand and collect fees, costs, and interest in addition to the

17   face amount of the check, and to threaten to have criminal charges filed against check writers

18   who do not meet their demands.

19        86.    The Notices of Dishonor that Defendants send do not meet state statutory

20   requirements for several reasons, including, but not limited to, those set forth below:

21             a.    Collection agencies seeking the check fees permitted by the Commercial

22   Code must send a Notice of Dishonor that complies with RCW 62A.3-530, 540. In many

23   cases, Defendants have purported to use the non-collection agency form set forth in RCW

24   62A.3-520, but did not comply with that statute either. Sending a Notice of Dishonor of Check

25   form that does not strictly comply with all statutory requirements confers no rights upon the

26   collection agency that sends the form;

27
SECOND AMENDED COMPLAINT FOR INJUNCTIVE
RELIEF AND DAMAGES FOR VIOLATIONS OF THE
FAIR DEBT COLLECTION PRACTICES ACT AND THE
WASHINGTON CONSUMER PROTECTION ACT - 14
CASE NO. 2:17-CV-00677-JCC

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

b.      The Notices of Dishonor do not include statements required by statute, including, but not limited to the name and address of the collection agency;

c.      The Notices of Dishonor misstate the amounts that are owed by including "interest" and "penalty" charges, in addition to the face value of the check and a reasonable handling fee, as amounts due;

d.      The Notices of Dishonor do not include a certificate of mailing and Defendants attempt to collect fees without having completed a certificate of mailing, as required by RCW 62A.3-540(3).

**F.      Defendants' Check Collection Practices**

87.      Plaintiffs allege on information and belief that Defendants collect checks throughout the State of Washington for a multitude of entities, including, but not limited to, Kroger.  In connection with their attempts to collect checks, Defendants send purported Notices of Dishonor that fail to meet statutory requirements.

88.      Under Washington law, a Notice of Dishonor must include a statement that the check writer has thirty-three days from the postmarked date of the Notice of Dishonor before certain fees become due.  Defendants either fail to include that deadline in the Notice of Dishonor, or demand these fees before they are due, or both.

89.      Under Washington law, a Notice of Dishonor is not effective until the person mailing Notice of Dishonor completes a certificate of mailing.  Plaintiffs allege on information and belief that in many instances, Defendants attempt to collect fees purportedly authorized by the Notices of Dishonor without first having completed the required certification of mailing.

90.      Under Washington law, a Notice of Dishonor must clearly state the fees and costs that are due and the consequences of late payment or non-payment.  In many instances, Defendants attempt to collect multiple checks using one Notice of Dishonor.  In those instances, Defendants merge cost and fee information so that it is impossible for the check writer to accurately determine his or her payment obligations for each check.

SECOND AMENDED COMPLAINT FOR INJUNCTIVE
RELIEF AND DAMAGES FOR VIOLATIONS OF THE
FAIR DEBT COLLECTION PRACTICES ACT AND THE
WASHINGTON CONSUMER PROTECTION ACT - 15
CASE NO. 2:17-cv-00677-JCC

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 ● FAX 206.319.5450
www.terrellmarshall.com

91.      Under Washington law, a collection agency is not entitled to collect any amounts beyond the check amount plus a reasonable handling fee unless it provides a Notice of Dishonor that meets the requirements of RCW 62A.3-530, 540 and the debtor does not pay that amount within thirty-three days of the postmarked date of the letter.  In many instances, Defendants threaten to collect and attempt to collect additional fees, including "interest" and "penalty" amounts, at the time the initial communication is sent.  In many instances, Defendants also threaten to collect and attempt to collect additional fees after sending a notice pursuant to RCW 62A.3-520, which does not meet the statutory requirements placed on collection agencies under RCW 62A.3-530, 540.

92.      When Unfred attempts to collect a check, his initial communication to the check writer includes a "validation" notice in which he advises the check writer that if he or she notifies him that the debt is disputed, he will obtain verification of the debt.  Unfred fails, however, to advise the check writer that the notification must be *in writing*, and that Unfred has no legal obligation to respond to verbal disputes.  CSO's Notices of Dishonor contain *no* validation notice at all.

93.      In most instances, Defendants send a Notice of Dishonor that includes the following threat:

> You are also CAUTIONED that law enforcement agencies may be provided with a copy of this notice of dishonor and the check drawn by you for the possibility of proceeding with criminal charges if you do not pay the amount of this check within thirty-three days after the date this letter is postmarked.

94.      Defendants do not have any practice of providing copies of Notices of Dishonor and checks to law enforcement agencies for the possibility of proceeding with criminal charges.

95.      Defendants engage in systemic conduct to obtain default judgments in Washington check cases without following state and federal law.  This conduct is so fraudulent and rife with misconduct that Plaintiffs and Class members are entitled to have those default

SECOND AMENDED COMPLAINT FOR INJUNCTIVE
RELIEF AND DAMAGES FOR VIOLATIONS OF THE
FAIR DEBT COLLECTION PRACTICES ACT AND THE
WASHINGTON CONSUMER PROTECTION ACT - 16
CASE NO. 2:17-cv-00677-JCC

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

judgments set aside. This conduct includes, but is not limited to, (1) engaging in a systemic practice of collecting and attempting to collect fees authorized by RCW 62A.3-530, 540, without meeting the essential prerequisites mandated by those statutes; (2) engaging in a fraud upon Plaintiffs, Class members, and the courts by representing in litigation that Defendants had met the essential requirements mandated by RCW 62A.3-530, 540; (3) filing Notice of Dishonor of Check forms in support of default judgments that may not have been mailed, as represented to Plaintiffs, Class members, and Washington courts; and (4) avoiding accepting payment prior to filing lawsuits, resulting in increased damages to Plaintiffs and Class members. Defendants are not entitled to the relief they seek because they have not complied with Washington law, and have forfeited their right to check fees, attorneys' fees, or costs.

## V. CLASS ALLEGATIONS

96.    **Class Definition.** Pursuant to CR 23, Plaintiffs bring this case as a class action on behalf of the Class, the CPA Sub-Class, and the FDCPA Sub-Class defined as follows:

> **Class:** All persons who allegedly wrote a check for payment in Washington to whom any Defendant attempted to collect that a dishonored check between February 9, 2013 and September 1, 2015 and/or February 9, 2016 and September 27, 2016.

> **CPA Sub-Class:** All persons in the Class whose account was assigned to CSO on or before September 1, 2015 and from whom any Defendant attempted to collect the account on or after February 9, 2013.

> **FDCPA Sub-Class:** All persons in the Class where such check was written to pay a debt incurred primarily for personal, family or household purposes and to whom any Defendant sent a notice of dishonor attempting to collect the account between February 9, 2016 and September 27, 2016.

97.    **Numerosity**. On information and belief, there are more than 200 people in the FDCPA Sub-Class, and many more in the Class and CPA Sub-Class.

98.    **Commonality**. There exist questions of law and fact common to Plaintiffs and the proposed Class, CPA Sub-Class, and FDCPA Sub-Class, including but not limited to:

SECOND AMENDED COMPLAINT FOR INJUNCTIVE
RELIEF AND DAMAGES FOR VIOLATIONS OF THE
FAIR DEBT COLLECTION PRACTICES ACT AND THE
WASHINGTON CONSUMER PROTECTION ACT - 17
CASE No. 2:17-cv-00677-JCC

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

a.      Whether Defendants have a standard practice of sending Notice of Dishonor forms that contain language threatening possible criminal proceedings when attempting to collect dishonored checks;

b.      Whether the language threatening possible criminal charges contained in the Notice of Dishonor forms that Defendants send violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e;

c.      Whether Defendants violate the FDCPA by sending initial collection communications that do not include the validation notice required by 15 U.S.C. § 1692g(a);

d.      Whether the Notice of Dishonor forms that Defendants send comply with RCW 62A.3-530, 540;

e.      Whether Defendants violate the CAA, RCW 19.16.250, by sending Notices of Dishonor that do not comply with RCW 62A.3-540;

f.      Whether Defendants violate the CAA, RCW 19.16.250, by demanding fees authorized by RCW 62A.3-530, 540 without having first sent a Notice of Dishonor that fully complies with those statutes;

g.      Whether defendant Unfred violated the CAA, RCW 19.16.110, by operating a collection agency without a license;

h.      Whether Defendants' violations of the CAA constitute *per se* violations of the Washington Consumer Protection Act, RCW 19.86, *et seq.* ("CPA");

i.      Whether Defendants engaged in unfair or deceptive practices in violation of the CPA;

j.      Whether Defendants' violations of other statutory provisions subject them to the mandatory penalty provisions set forth in RCW 19.16.450;

k.      The nature and extent of Class-wide injury and the measure of compensation for such injury; and

SECOND AMENDED COMPLAINT FOR INJUNCTIVE
RELIEF AND DAMAGES FOR VIOLATIONS OF THE
FAIR DEBT COLLECTION PRACTICES ACT AND THE
WASHINGTON CONSUMER PROTECTION ACT - 18
CASE NO. 2:17-cv-00677-JCC

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1           1.      Whether judgments entered against putative Class members should be

2    vacated based on Defendants' conduct in obtaining those judgments.

3           99.     **Typicality**.  The claims of Plaintiffs are typical of the claims of the Class.  They

4    arise out of the same common course of conduct by Defendants and are based on the same legal

5    and remedial theories.  The Notice of Dishonor forms that Defendants claim were mailed to

6    Plaintiffs are materially the same as the Notice of Dishonor forms sent to the Class and the

7    form collection letters that Defendant Unfred claims he mailed to Plaintiffs are materially the

8    same the form collection letters sent to the Class.

9           100.    **Adequacy of Representation**.  Plaintiffs are appropriate representative parties

10   for the Class and will fairly and adequately protect the interests of the Class.  Plaintiffs

11   understand and are willing to undertake the responsibilities of acting in a representative

12   capacity on behalf of the proposed Class.  Plaintiffs will fairly and adequately protect the

13   interests of the Class and have no interests that directly conflict with interests of the Class.

14   Plaintiffs have retained competent and capable attorneys who are experienced trial lawyers with

15   significant experience in complex and class action litigation, including consumer class actions.

16   Plaintiffs and their counsel are committed to prosecuting this action vigorously on behalf of the

17   Class and have the financial resources to do so.

18          101.    **Predominance.**  Defendants have a standard practice of sending Notices of

19   Dishonor materially the same as the ones sent to Plaintiffs and the Class, and Defendant Unfred

20   has a standard practice of sending form collection letters like the ones he sent to Plaintiffs and

21   the Class.  The common issues arising from this conduct predominate over any individual

22   issues.  Adjudication of these common issues in a single action has important and desirable

23   advantages of judicial economy.

24          102.    **Superiority**.  Plaintiffs and members of the Class have suffered harm and

25   damages as a result of Defendants' unlawful and wrongful conduct.  Absent a class action,

26   however, most Class members likely would find the cost of litigating their claims prohibitive.

27

SECOND AMENDED COMPLAINT FOR INJUNCTIVE
RELIEF AND DAMAGES FOR VIOLATIONS OF THE
FAIR DEBT COLLECTION PRACTICES ACT AND THE
WASHINGTON CONSUMER PROTECTION ACT - 19
CASE NO. 2:17-cv-00677-JCC

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities. The members of the Class are readily identifiable from Defendants' records, and there will be no significant difficulty in the management of this case as a class action.

103. **Injunctive Relief**. Defendants' conduct is uniform to all members of the Class. Defendants have acted or refused to act on grounds that apply generally to the Class, so that final injunctive relief or declaratory relief is appropriate with respect to the Class as a whole.

## VI. CAUSES OF ACTION

## FIRST CLAIM FOR RELIEF

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 *et seq.*

104. Plaintiffs re-allege and incorporate by reference all of the paragraphs of this Complaint as though fully stated herein. Defendants' violations of the FDCPA include, but are not limited to, the following.

**G.    False Threat of Prosecution**

105. In the Notices of Dishonor sent to Plaintiffs and the FDCPA Sub-Class, Defendant CSO includes the statement:

> You are also CAUTIONED that law enforcement agencies may be provided with a copy of this notice of dishonor and the check drawn by you for the possibility of proceeding with criminal charges if you do not pay the amount of this check within thirty-three days after the date this letter is postmarked.

106. This language constitutes a "false, deceptive, or misleading representation or means in connection with the collection of any debt" and thus violates 15 U.S.C. § 1692e. Specifically, this language is a "representation or implication that nonpayment of [the] debt will result in the arrest or imprisonment of any person," which violates the FDCPA "unless such action is lawful and the debt collector or creditor intends to take such action." 15 U.S.C.

SECOND AMENDED COMPLAINT FOR INJUNCTIVE
RELIEF AND DAMAGES FOR VIOLATIONS OF THE
FAIR DEBT COLLECTION PRACTICES ACT AND THE
WASHINGTON CONSUMER PROTECTION ACT - 20
CASE NO. 2:17-cv-00677-JCC

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

§1692e(4). Further, this language also violates 15 U.S.C. § 1692e(5) and (7) by falsely implying that Plaintiffs and the FDCPA Sub-Class had committed a crime and would be prosecuted unless payment was made, and contains a threat to take action that Defendants did not intend to take and could not legally take.

107.    Defendants knew or should have known that it was unlawful to include this threat of criminal charges in their Notices of Dishonor, both because the threat violates clear prohibitory language in the FDCPA, and because in 2011, the United States District Court, Western District of Washington ruled, in *Lencsh v. Armada Corp.*, 795 F. Supp. 2d 1180 (W.D. Wash. 2011), that identical language violated the FDCPA.

**H.    Collecting, or Attempting to Collect, Unlawful Charges**

108.    The FDCPA prohibits a debt collector from engaging in false and deceptive practices, including falsely representing the character, amount, or legal status of a debt, 15 U.S.C §§ 1692e, 1692e(2), or from using unfair or unconscionable means to collect or attempt to collect a debt, 15 U.S.C. § 1692f. Specifically, a debt collector is prohibited from attempting to collect any amount that is not expressly authorized by the agreement creating the debt or permitted by law. 15 U.S.C. § 1692f(1).

109.    Defendant Unfred sent Notices of Dishonor that did not comply with Washington law. First, Defendant Unfred sent Notices of Dishonor and accompanying letters purportedly under RCW 62A.3-520. However, Unfred, as a collection agency, was not permitted to use that form. Moreover, Unfred was not permitted to demand any amounts other than the check amount plus a reasonable handling fee without first sending a Notice of Dishonor that met statutory requirements and giving the check writer thirty-three days from the postmarked date of the letter to pay to avoid additional charges. Defendant Unfred violated the CAA when he sent Notices of Dishonor pursuant to RCW 62A.3-520 demanding amounts beyond the check amount plus a reasonable handling fee. Second, Defendant Unfred demanded payments in Notices of Dishonor he sent pursuant to RCW 62A.3-540, without first

SECOND AMENDED COMPLAINT FOR INJUNCTIVE
RELIEF AND DAMAGES FOR VIOLATIONS OF THE
FAIR DEBT COLLECTION PRACTICES ACT AND THE
WASHINGTON CONSUMER PROTECTION ACT - 21
CASE NO. 2:17-cv-00677-JCC

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1  having executed the required affidavit of service.  Therefore, there was no law permitting

2  Defendant Unfred to demand or threaten various check fees, including but not limited to

3  collection costs, interest, and treble damages.  By threatening, demanding, and collecting check

4  fees to which they were not entitled, Defendants violated the CAA.  As a result, Defendants

5  were not permitted to collect anything other than the face amount of the check.  RCW

6  19.16.450.

7      110.    Defendants sent letters and Notices of Dishonor that were unfair and deceptive

8  because they were so unclear, ambiguous, and contradictory that it was impossible for the least

9  sophisticated consumer to determine why he or she was being charged, the breakdown of fees

10  demanded, or to whom payment should be made.

11  **I.    Failure to Include Effective Validation Notice**

12      111.    Pursuant to the FDCPA, 15 U.S.C. § 1692g(a), in its initial communication to a

13  consumer, or within five days of its initial communication, a debt collector must notify a

14  consumer that he or she has thirty days from receipt of the initial collection letter to dispute the

15  debt and make a written request for verification.  When a consumer timely requests verification

16  of the debt, the debt collector must suspend its collection efforts until it provides verification,

17  and the debt collector must communicate this in its letter.

18      112.    In his initial communications to Plaintiffs and the FDCPA Sub-Class, Defendant

19  Unfred included a validation notice, but failed to advise that to be effective, the consumer's

20  notice disputing the debt must be in writing.  If the dispute is not in writing, the debt collector

21  is not obligated to suspend collection efforts or to obtain verification.  Since Defendant Unfred

22  did not include a notice that met statutory requirements, he violated 15 U.S.C. § 1692g(a).

23  Additionally, when Unfred included a Notice of Dishonor as part of his initial communication

24  to a check writer, it included payment deadlines and threats of prosecution that overshadowed

25  the validation notice required by 15 U.S.C. § 1692g.

26

27

SECOND AMENDED COMPLAINT FOR INJUNCTIVE
RELIEF AND DAMAGES FOR VIOLATIONS OF THE
FAIR DEBT COLLECTION PRACTICES ACT AND THE
WASHINGTON CONSUMER PROTECTION ACT - 22
CASE NO. 2:17-cv-00677-JCC

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

113.    In its initial communications to Plaintiffs and the FDCPA Sub-Class, Defendant CSO failed to include any validation notice. CSO's Notices of Dishonor did not inform the recipient that they had the opportunity to dispute the debt and make a written request for verification, or that collection activity would be suspended until it provided such verification. Instead, the CSO Notices of Dishonor warned of the potential consequences of nonpayment and "advised" the recipient to send payment to CSO. Therefore, Defendant CSO's collection letters violate 15 U.S.C. § 1692g(a).

114.    As a result of each Defendant's violations of the FDCPA, each Plaintiff and FDCPA Sub-Class member is entitled to actual damages of no less than the amount of all check fees paid, plus interest, pursuant to 15 U.S.C. § 1692k(a)(1). Additionally, Plaintiffs are entitled to statutory damages in an amount up to $1,000 and the FDCPA Sub-Class is entitled to statutory damages of up to $500,000, or 1% of Defendants' net worth, whichever is less, pursuant to 15 U.S.C. § 1692k(a)(2)(B). Plaintiffs and the FDCPA Sub-Class are also entitled to their reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

## SECOND CLAIM FOR RELIEF

### WASHINGTON'S CONSUMER PROTECTION ACT
### (*PER SE* VIOLATION)

115.    Plaintiffs re-allege and incorporate by reference the allegations set forth in each of the preceding paragraphs of this Complaint. Defendants' violations of the CPA include, but are not limited to, the following.

SECOND AMENDED COMPLAINT FOR INJUNCTIVE
RELIEF AND DAMAGES FOR VIOLATIONS OF THE
FAIR DEBT COLLECTION PRACTICES ACT AND THE
WASHINGTON CONSUMER PROTECTION ACT - 23
CASE NO. 2:17-cv-00677-JCC

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 ● FAX 206.319.5450
www.terrellmarshall.com

116.    Pursuant to RCW 19.16.440, a collection agency that violates the Prohibited Practices section of the CAA, RCW 19.16.250, has committed unfair and deceptive trade practices for purposes of application of the CPA.

117.    Pursuant to RCW 19.16.440, an out-of-state collection agency that operates in the State of Washington without being licensed has committed unfair and deceptive trade practices for purposes of application of the CPA.

118.    As alleged herein, in collecting and attempting to collect fees above the face amount of dishonored checks plus a reasonable handling fee from Plaintiffs and Class members, and by threatening criminal prosecution, Defendants have violated multiple provisions of RCW 19.16.250, and thereby engaged in *per se* violations of the CPA.

119.    Defendant CSO is a licensed Washington collection agency and is a "collection agency" and "licensee" for purposes of the CAA.

120.    Defendant Unfred not licensed as a Washington collection agency.  However, his legal practice in the State of Washington consists primarily, if not exclusively, of directly or indirectly soliciting claims for collection, or collecting or attempting to collect claims owed or due or asserted to be owed or due a third party.  His collection activities in Washington are therefore governed by the CAA.  Since he is an unlicensed out-of-state collection agency, he violated the CAA merely by engaging in the collection business in the state of Washington

121.    The dishonored check debts allegedly owed by Plaintiffs and Class members are each "claims" as defined by RCW 19.16.100(2) because they are "obligation[s] for the payment of money or thing of value arising out of any agreement or contract, express or implied."

122.    Plaintiffs and Class members are "debtors" as defined by RCW 19.16.100(7) because Defendant alleges Plaintiffs and Class members each owe a "claim."

123.    The CAA prohibits a collection agency from representing or implying that an existing obligation may be increased by fees or charges that may not legally be added to the obligation.  RCW 19.16.250(15).

SECOND AMENDED COMPLAINT FOR INJUNCTIVE
RELIEF AND DAMAGES FOR VIOLATIONS OF THE
FAIR DEBT COLLECTION PRACTICES ACT AND THE
WASHINGTON CONSUMER PROTECTION ACT - 24
CASE NO. 2:17-cv-00677-JCC

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

124.    The CAA prohibits a collection agency from threatening to take any action against a debtor which the licensee cannot legally take at the time the threat is made.  RCW 19.16.250(16).

125.    The CAA prohibits a collection agency from collecting or attempting to collect anything more than the principal amount of the claim and any sum other than allocable interest, collection costs, or handling fees expressly authorized by statute, and in the case of suit, attorney's fees and taxable court costs.  RCW 19.16.250(21).

126.    The CAA prohibits a collection agency from threatening criminal prosecution in connection with attempting to collect a debt.  RCW 19.16.250(13).

127.    Some of the Notices of Dishonor Defendants sent to Plaintiffs or Class members did not comply with RCW 62A.3-540 for the following reasons: (a) the Notices of Dishonor sent pursuant to RCW 62A.3-520 do not satisfy the requirements placed upon a collection agency that would allow them to collect additional fees and costs under RCW 62A.3-530, 540; (b) the Notices of Dishonor do not include statements required by statute, including but not limited to the name and address of the collection agency; (c) the Notices of Dishonor misstate the amounts that are owed by including "interest" and "penalty" charges, in addition to the face value of the check and a reasonable handling fee, as amounts due; and (d) the Notices of Dishonor do not include a certificate of mailing and Defendants attempted to collect fees without having completed a certificate of mailing, as required by RCW 62A.3-540(3).

128.    As a result of failing to fully comply with RCW 62A.3-540, Defendants were not entitled to collect or attempt to collect statutory collection costs, interest, treble damages or attorney's fees.  By threatening and attempting to collect these fees and charges from Plaintiffs and the Class, Defendants violated RCW 19.16.250(13), (15), (16) and (21).

129.    Pursuant to RCW 19.16.450, because they engaged in prohibited practices in violation of RCW 19.16.250, no Defendant, nor any successor in interest, shall ever be allowed

SECOND AMENDED COMPLAINT FOR INJUNCTIVE
RELIEF AND DAMAGES FOR VIOLATIONS OF THE
FAIR DEBT COLLECTION PRACTICES ACT AND THE
WASHINGTON CONSUMER PROTECTION ACT - 25
CASE NO. 2:17-cv-00677-JCC

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

to recover any interest, service charge, attorneys' fees, collection costs, or any other fees or charges that might otherwise be owed, other than the amount of the original obligation.

130.    As a result of Defendants' violations of the CAA, Plaintiffs and the Class are entitled to recover all money they paid above the face amount of the check that Defendants collected.

131.    Defendants' unfair and deceptive acts and practices repeatedly occurred in Defendants' trade or business and were capable of deceiving a substantial portion of the public and, indeed, have already injured many thousands of Washington residents.

132.    Defendants' unfair and deceptive acts and practices affect the public interest.

133.    There is a likelihood that Defendants' practices will injure other members of the Washington public, particularly since Defendants continue to send Notices of Dishonor to Washington consumers in an attempt to collect checks and unlawful fees.

134.    Defendants' wrongdoing is continuing in nature and represents an ongoing threat to Plaintiffs and Class members.

135.    Class members remain generally unaware that Defendants' collection practices are unlawful and seek unlawful fees.

136.    Plaintiffs and Class members will suffer continuing, immediate, and irreparable injury absent the issuance of injunctive and equitable relief.

137.    Plaintiffs and Class members have no complete, speedy, and adequate remedy at law with respect to Defendants' continuing misconduct.

138.    Preliminary and final injunctive relief is necessary to prevent further injury to Plaintiffs and Class members.

139.    As a direct and proximate cause of Defendants' unfair and deceptive acts and practices, Plaintiffs and the Class have been injured and are entitled to recover compensatory, special, and general damages as allowed by law.  In addition, Plaintiffs and the Class are entitled to recover treble damages, attorneys' fees, and costs pursuant to RCW 19.86.090.

SECOND AMENDED COMPLAINT FOR INJUNCTIVE
RELIEF AND DAMAGES FOR VIOLATIONS OF THE
FAIR DEBT COLLECTION PRACTICES ACT AND THE
WASHINGTON CONSUMER PROTECTION ACT - 26
CASE NO. 2:17-cv-00677-JCC

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1

2

### THIRD CLAIM FOR RELIEF

### WASHINGTON'S CONSUMER PROTECTION ACT
### RCW 19.86 *et seq*.

3

4

5

140.    Plaintiffs re-allege and incorporate by reference the allegations set forth in each of the preceding paragraphs of this Complaint.  Defendants' violations of the CPA include, but are not limited to, the following.

6

7

8

141.    Defendants are "persons" within the meaning of the Washington Consumer Protection Act, RCW 19.86.010(1), and conduct "trade" and "commerce" within the meaning of the Washington Consumer Protection Act, RCW 19.86.010(2).

9

10

142.    Plaintiffs and Class members are "persons" within the meaning of the Washington Consumer Protection Act, RCW 19.86.010(1).

11

12

143.    Defendants engaged in unfair and deceptive acts that occurred in trade or commerce by conduct set forth above.  These unfair and deceptive acts include the following:

13

14

a.    Attempting to collect unauthorized fees, interest, penalties, or other amounts beyond the face value of the checks plus a reasonable handling fee;

15

16

b.    Ignoring and/or failing to return Plaintiffs' and Class members' calls regarding their dishonored checks until after obtaining a judgment;

17

18

c.    Failing to inform Plaintiffs and Class members where to send payment;

d.    Threatening Plaintiffs and Class members with prosecution;

19

20

21

22

e.    Failing to inform Plaintiffs and Class members that although federal law provides them a right to dispute an alleged debt and requires the debt collector to obtain verification before continuing to collect the debt, they could not exercise that right unless they made such a request in writing;

23

24

f.    Obtaining judgments against some Class members by fraudulent and improper means.

25

26

144.    Defendants' unfair acts or practices have occurred in trade or commerce, and were and are capable of injuring a substantial portion of the public.

27

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

145.    The Washington Supreme Court has recognized the public policy significance of regulating the debt collection industry and has specifically found that the business of debt collection affects the public interest, and collection agencies are subject to strict regulation to ensure they deal fairly and honestly with alleged debtors.

146.    As such, Defendants' general course of conduct as alleged herein is injurious to the public interest, and the acts complained of herein are ongoing and have a substantial likelihood of being repeated.

147.    As a direct and proximate result of Defendants' unfair acts and practices, Plaintiffs and Class members suffered injury in fact and lost money.

148.    Plaintiffs and the Class are therefore entitled to an order enjoining the conduct complained of herein, including an injunction prohibiting Defendants from attempting to collect more than the face amount of the check where Defendants sent the check writer a Notice of Dishonor that did not comply with RCW 62A.3-540.

149.    Plaintiffs and the Class are also entitled to equitable relief as the Court deems appropriate, including, but not limited to, disgorgement, for the benefit of the Class members, of all or part of the ill-gotten profits Defendants received from its unfair scheme.

150.    As a direct and proximate cause of Defendants' unfair and deceptive acts and practices, Plaintiffs and the Class have been injured and are entitled to recover compensatory, special, and general damages as allowed by law.  In addition, Plaintiffs and the Class are entitled to recover treble damages, attorneys' fees, and costs pursuant to RCW 19.86.090.

**VII. PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray that judgment be entered against Defendants:

151.    For injunctive and declaratory relief:

    a.    prohibiting the Defendants from continuing to send Notices of Dishonor materially the same as those sent to Plaintiffs and members of the Class,

SECOND AMENDED COMPLAINT FOR INJUNCTIVE
RELIEF AND DAMAGES FOR VIOLATIONS OF THE
FAIR DEBT COLLECTION PRACTICES ACT AND THE
WASHINGTON CONSUMER PROTECTION ACT - 28
CASE NO. 2:17-cv-00677-JCC

1
        b.     prohibiting the Defendants from continuing to send Notices of Dishonor

2
that do not fully comply with RCW 62A.3-540,

3
        c.     prohibiting Defendants, their customers, or any other person from

4
attempting to collect more than the face amount of the check from any Class member to whom

5
it sent a Notice of Dishonor that did not fully comply with RCW 62A.3-540,

6
        d.     requiring Defendants to notify their customers, or any person or entity

7
that might subsequently acquire the right to collect an unpaid check, that they are prohibited

8
from attempting to collect more than the face amount of the check from any Class member to

9
whom it sent a noncompliant Notice of Dishonor,

10
        e.     prohibiting Defendants from sending collection demands that include a

11
threat that the consumer may be prosecuted if he or she does not pay the amounts demanded,

12
and

13
        f.     vacating the unlawful default judgments obtained by Defendants against

14
Plaintiffs and Class members;

15
    152.    For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against

16
Defendants and for Plaintiffs and the FDCPA Sub-Class members;

17
    153.    For an award of statutory damages of $1,000.00 for each Class representative,

18
and $500,000 or 1 percent of Defendants' net worth, whichever is less, for Class members,

19
pursuant to 15 U.S.C. § 1692k(a)(2)(A);

20
    154.    For an award of costs of litigation and reasonable attorney's fees pursuant to 15

21
U.S.C. § 1692k(a)(3) against Defendants and for Plaintiffs;

22
    155.    For actual damages, treble damages, costs and attorneys' fees under the CPA;

23
and

24
    156.    For such other and further relief as may be just and equitable.

25

26

27

SECOND AMENDED COMPLAINT FOR INJUNCTIVE
RELIEF AND DAMAGES FOR VIOLATIONS OF THE
FAIR DEBT COLLECTION PRACTICES ACT AND THE
WASHINGTON CONSUMER PROTECTION ACT - 29
CASE NO. 2:17-cv-00677-JCC

1   RESPECTFULLY SUBMITTED AND DATED this 12th day of February, 2018.

2                              TERRELL MARSHALL LAW GROUP PLLC

3
                         By:   /s/ Beth E. Terrell, WSBA #26759
4                              Beth E. Terrell, WSBA #26759
                               Email:  bterrell@terrellmarshall.com
5                              Blythe H. Chandler, WSBA #43387
                               Email:  bchandler@terrellmarshall.com
6                              Elizabeth A. Adams, WSBA #49175
                               Email:  eadams@terrellmarshall.com
7                              936 North 34th Street, Suite 300
                               Seattle, Washington 98103-8869
8                              Telephone: (206) 816-6603
                               Facsimile: (206) 319-5450
9

10                             Sam Leonard, WSBA #46498
                               Email:  sam@seattledebtdefense.com
11                             LEONARD LAW
                               801 2nd Avenue, Suite 1410
12                             Seattle, Washington 98104
                               Telephone: (206) 486-1176
13                             Facsimile: (206) 458-6028

14
                               Paul Arons, WSBA #47599
15                             Email:  lopa@rockisland.com
                               LAW OFFICE OF PAUL ARONS
16                             685 Spring Street
                               Friday Harbor, Washington 98250
17                             Telephone: (360) 378-6496
                               Facsimile: (360) 378-6498
18

19                                  *Attorneys for Plaintiffs*

20

21

22

23

24

25

26

27

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1

CERTIFICATE OF SERVICE

2      I, Beth E. Terrell, hereby certify that on February 12, 2018, I electronically filed the

3  foregoing with the Clerk of the Court using the CM/ECF system which will send notification of

4  such filing to the following:

5
        Suzanne Pierce, WSBA #22733
6       Email:  spierce@davisrothwell.com
        Patrick Rothwell, WSBA #23878
7       Email:  prothwell@davisrothwell.com
        Keith M. Liguori, WSBA #51501
8       Email:  kliguori@davisrothwell.com
        DAVIS ROTHWELL EARLE & XOCHIHUA, P.C.
9       520 Pike Street, Suite 2500
        Seattle, Washington 98101
10      Telephone: (206) 622-2295
        Facsimile: (206) 340-0724
11

12      *Attorneys for Defendant J. Michael Unfred, d/b/a J. Michael Unfred LLC*

13
        Jeffrey I. Hasson, WSBA #23741
14      E-Mail: hasson@hassonlawllc.com
        HASSON LAW, LLC
15      12707 NE Halsey Street
        Portland, Oregon 97230
16      Telephone: (503) 255-5352
        Facsimile: (503) 255-6124
17

18      *Attorneys for Defendant CSO Financial, Inc.*

19      DATED this 12th day of February, 2018.

20                          TERRELL MARSHALL LAW GROUP PLLC

21                          By:    /s/ Beth E. Terrell, WSBA #26759
22                              Beth E. Terrell, WSBA #26759
                               Email: bterrell@terrellmarshall.com
23                             936 North 34th Street, Suite 300
                               Seattle, Washington 98103
24                             Telephone: (206) 816-6603
                               Facsimile: (206) 319-5450
25

26                          *Attorneys for Plaintiffs*

27

SECOND AMENDED COMPLAINT FOR INJUNCTIVE
RELIEF AND DAMAGES FOR VIOLATIONS OF THE
FAIR DEBT COLLECTION PRACTICES ACT AND THE
WASHINGTON CONSUMER PROTECTION ACT - 31
CASE NO. 2:17-cv-00677-JCC

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

— **EXHIBIT  1** —

*CSO LETTERS TO DEBTOR ·*

CSO FINANCIAL, INC.
AKA CREDIT SERVICES OF OREGON
1229 SE STEPHENS ST
PO BOX 1208
ROSEBURG, OREGON 97470
541-673-6661/1-800-888-6597

August 31, 2015

#BWNLPZV
#0330 0000 0835 1760#

DUANE E BOWEN                                   1390176
9620 S 252ND ST APT C106
KENT WA 98030-6310

NOTICE OF DISHONOR OF CHECK

A check drawn by you and made payable by you to FRED MEYER
in the amount of $212.55 has not been accepted for payment by
BANK OF AMERICA which is the drawee bank designated on your check.
This check is dated 07-10-14 and it is numbered 204.

You are CAUTIONED that unless you pay the amount of this check and a
handling fee of $20.00 within thirty-three days after the date this letter
is postmarked or personally delivered, you may very well have to pay the
following additional amounts:

(a) Costs of collecting the amount of the check in the lesser of the check
amount or forty dollars;
(b) Interest on the amount of the check which shall accrue at the rate of
twelve percent per annum from the date of dishonor;
(c) Three hundred dollars or three times the face amount of the check,
whichever is less, plus court costs and attorneys' fees, by award of the
court in the event of legal action. Note that this caution regarding
increased amounts in any possible legal action is advisory only and should
not be construed as a representation or implication that legal action is
contemplated or intended.

You are also CAUTIONED that law enforcement agencies may be provided with
a copy of this notice of dishonor and the check drawn by you for the
possibility of proceeding with criminal charges if you do not pay the
amount of this check within thirty-three days after the date this letter
is postmarked.

You are advised to make your payment of $232.55 to CSO Financial, Inc., at
the following address: PO Box 1208, Roseburg, OR 97470.

DECLARATION OF SERVICE BY MAIL

I, Manager for CSO Financial, Inc., hereby certify that on 08-31-15 a copy
of the foregoing Notice was served on DUANE E BOWEN
by mailing via the United States Postal Service, postage prepaid, at
Roseburg, Oregon.

Dated: 08-31-15                    *Lai Lancaster*
                                   Manager for CSO Financial, Inc.

This communication is from a debt collector. This is an attempt to collect
a debt and any information obtained will be used for that purpose.

WA NSF1  new 08-15 ina

# — EXHIBIT  2 —



# J. MICHAEL UNFRED, LLC
ATTORNEY AT LAW
A LIMITED LIABILITY CORPORATION
P.O. BOX 327
280 COURT STREET NE, SUITE 250
SALEM, OR 97308
(541) 236-6141
FAX (503)371-4849

February 10, 2016



Duane E. Bowen
1301 4th Avenue NW, Ste. 103
Issaquah, WA 98027

Re:     CSO Financial, Inc. vs Duane E. Bowen
        Client File Number: 1390176/Kroger Co.
        Principal:     $212.55
        Interest:      $35.50
        Penalty:       $60.00
        Balance on Accounts: $308.05

Dear Mr. Bowen:

        We have been retained by CSO Financial, Inc., regarding the above account. We are sending this letter based on the information provided by our client. Our client has advised that the debtor lives or has relocated to 1301 4th Avenue NW, Ste. 103, Issaquah, WA 98027.

        At this time, our client is seeking the principal balance, interest, and NSF fee in the amount of $288.05 and the handling fee of $20.00. The collection fee is assessed by operation of law under RCW 62A.3-540 and Notice of Dishonor is attached to this letter. Our client has the option to instruct our firm to collect additional amounts that may become due pursuant to the agreement(s)/contract(s) with our client or recoverable under the applicable state law. Consistent with RCW 62A.3-540 this letter should serve as a demand for payment of $308.05 and a representation that if payment is not made, attorneys fees and penalties will be sought under that statute.

---

Licensed in Oregon & Washington

As of the date of this letter, our client advises us that above amount is owed. Because interest, late charges, penalties and other contractual charges may vary from day to day, the amount due on the day it is paid may be different. Hence, if a payment is made for the amount shown above at a later date, an adjustment for late charges or interest or other charges may be necessary, in which event we shall make known the amount and the reason for the amount, before depositing the check. For further information, write the undersigned, or call 1-800-554-1128. This correspondence should not be considered a payoff letter. The above breakdown is furnished for informational purposes only and is not to be treated as an estoppel.

Unless the consumer within thirty days (30) after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector. If the consumer notifies the debt collector within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment (if a judgment exists) will be mailed to the consumer by the debt collector. Upon the consumer's request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

**This communication is from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose.**

Sincerely,

J. MICHAEL UNFRED LLC

John Michael Unfred
Attorney at Law

JMU/ad
cc: client

— **EXHIBIT 3** —

# J. MICHAEL UNFRED, LLC

**ATTORNEY AT LAW**
A LIMITED LIABILITY CORPORATION
P.O. BOX 327
280 COURT STREET NE, SUITE 250
SALEM, OR 97308
(503)371-6005
FAX (503)371-4849

May 12, 2015

Kathleen S. Muller
23317 61st Ave. S, Apt DD303
Kent, WA 98032-4852

Re:    CSO Financial, Inc vs Kathleen S. Muller
       Client File Number: 1387476/Kroger Co.
       Principal:     $143.24
       Interest:      $15.12
       Penalty:      $91.64
       Balance on Accounts: $250.00

Dear Ms Muller:

We have been retained by CSO Financial, Inc., regarding the above account. We are sending this letter based on the information provided by our client. Our client has advised that the debtor lives or have relocated to 23317 61st Ave. S, Apt DD303, Kent, WA 98032-4852.

At this time, our client is seeking the principal balance, interest, and NSF fee in the amount of $210.00 and the handling fee of $40.00. The collection fee is assessed by operation of law under RCW 62A.3-520 and Notice of Dishonor is attached to this letter. Our client has the option to instruct our firm to collect additional amounts that may become due pursuant to the agreement(s)/contract(s) with our client or recoverable under the applicable state law. Consistent with RCW 62A.3-520 this letter should serve as a demand for payment of $250.00 and a representation that if payment is not made, attorneys fees and penalties will be sought under that statute.

------------------------------------------------------------------------------------------------------------

Licensed in Oregon & Washington

As of the date of this letter, our client advises us that above amount is owed. Because interest, late charges, penalties and other contractual charges may vary from day to day, the amount due on the day it is paid may be different. Hence, if a payment is made for the amount shown above at a later date, an adjustment for late charges or interest or other charges may be necessary, in which event we shall make known the amount and the reason for the amount, before depositing the check. For further information, write the undersigned, or call 1-800-554-1128. This correspondence should not be considered a payoff letter. The above breakdown is furnished for informational purposes only and is not to be treated as an estoppel.

Unless the consumer within thirty days (30) after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector. If the consumer notifies the debt collector within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment (if a judgment exists) will be mailed to the consumer by the debt collector. Upon the consumer's request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

**This communication is from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose.**

Sincerely,

J. MICHAEL UNFRED LLC

John Michael Unfred
Attorney at Law

JMU/ad
cc: client

## NOTICE OF DISHONOR OF CHECK

A check drawn by Kathleen S. Muller and made payable to Fred Meyer in the amount of $131.60 has not been accepted for payment by JP Morgan Chase Bank, which is the drawee bank, designated on your check. This check is dated June 12, 2014 and it is numbered 1013. Interest accrued in the amount of $13.89, a handling fee of $20.00 and a check charge of $40.00.

A check drawn by Kathleen S. Muller and made payable to Fred Meyer in the amount of $11.64 has not been accepted for payment by JP Morgan Chase Bank, which is the drawee bank, designated on your check. This check is dated June 12, 2014 and it is numbered 1012. Interest accrued in the amount of $1.23, a handling fee of $20.00 and a check charge of $11.64.

Pursuant to RCW 62A.3-520 you are CAUTIONED that unless you pay the balance of these checks, you may very well have to pay the following additional amounts:

1. Cost of collecting the amount of the check, including an attorney's fees which will be set by the court;
2. Interest on the amount of the check which shall accrue at the rate of 12% per annum from the date of dishonor; and
3. Three hundred ($300.00) dollars or three (3) times the face amount of the check, whichever is less, by award of the court.

## DECLARATION OF SERVICE BY MAIL

I, John Michael Unfred, hereby certify that on this May 12, 2015, a copy of the foregoing Notice was served on Kathleen S. Muller, by mailing via the United States Postal Service, postage prepaid, at Salem, Oregon.

I hereby declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

Dated: May 12, 2015

John Michael Unfred, WSB#20729
Attorney for Plaintiff

Licensed in Oregon & Washington                    Page 3 of 3

— **EXHIBIT 4** —

# J. MICHAEL UNFRED, LLC

ATTORNEY AT LAW
A LIMITED LIABILITY CORPORATION
P.O. BOX 327
280 COURT STREET NE, SUITE 250
SALEM, OR 97308
(503)371-6005
FAX (503)371-4849

August 31, 2015

Kathleen S. Muller
23317 61st Ave. S, Apt DD303
Kent, WA 98032-4852

Re:    CSO Financial, Inc vs Kathleen S. Muller
      Client File Number: 1387476/Kroger Co.
      Principal:    $143.24
      Handling Fee: $40.00
      Balance on Accounts: $183.24

Dear Ms. Muller:

We have been retained by CSO Financial, Inc., regarding the above account. We are sending this letter based on the information provided by our client. Our client has advised that the debtor lives or have relocated to 23317 61st Ave. S, Apt DD303, Kent, WA 98032-4852.

At this time, our client is seeking the principal balance of $143.24 and the handling fee of $20.00. The handling fee is assessed by operation of law under RCW 62A.3-540 and Notice of Dishonor included with this letter. Our client has the option to instruct our firm to collect additional amounts that may become due pursuant to the agreement(s)/contract(s) with our client or recoverable under the applicable state law. Consistent with RCW 62A.3-540 this letter should serve as a demand for payment of $183.24. We direct your attention to the notice which references the addition of interest and collection costs. Further as the notice states, under RCW 62A.3-540, attorney fees, court costs and penalties may be sought if a legal action is initiated.

As of the date of this letter, our client advises us that above amount is owed. Because interest, late charges, penalties and other charges may vary from day to day, the amount due on the day it is paid may be different. Hence, if a payment is made for the amount shown after 33 days, an adjustment for late charges or interest or other charges may be necessary, in which event we shall make known the amount and the reason for the amount, before depositing the check. For further information, write the undersigned, or call 1-800-554-1128. This correspondence should not be

considered a payoff letter. The above breakdown is furnished for informational purposes only and is not to be treated as an estoppel.

Unless the consumer within thirty days (30) after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector. If the consumer notifies the debt collector within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment (if a judgment exists) will be mailed to the consumer by the debt collector. Upon the consumer's request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

**This communication is from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose.**

Sincerely,

J. MICHAEL UNFRED LLC

John Michael Unfred
Attorney at Law

JMU/ad

## NOTICE OF DISHONOR OF CHECK

A check drawn by Kathleen S. Muller and made payable by you to Fred Meyer in the amount of $131.60 has not been accepted for payment by JPMorgan Chase Bank, which is the drawee bank designated on your check. This check is dated May 12, 2014, and it is numbered, No. 1013.

A check drawn by Kathleen S. Muller and made payable by you to Fred Meyer in the amount of $11.64 has not been accepted for payment by JPMorgan Chase Bank, which is the drawee bank designated on your check. This check is dated June 12, 2014, and it is numbered, No. 1012.

You are CAUTIONED that unless you pay the amount of this check and a handling fee of $40.00 within thirty-three days after the date this letter is postmarked or personally delivered, you may very well have to pay the following additional amounts:

(a)  Costs of collecting the amount of the check in the lesser of the check amount or forty dollars;

(b)  Interest on the amount of the check which shall accrue at the rate of twelve percent per annum from the date of dishonor; and

(c)  Three hundred dollars or three times the face amount of the check, whichever is less, plus court costs and attorneys' fees, by award of the court in the event of legal action. Note that this caution regarding increased amounts in any possible legal action is advisory only and should not be construed as a representation or implication that legal action is contemplated or intended.

You are also CAUTIONED that law enforcement agencies may be provided with a copy of this notice of dishonor and the check drawn by you for the possibility of proceeding with criminal charges if you do not pay the amount of this check within thirty-three days after the date this letter is postmarked.

### DECLARATION OF SERVICE BY MAIL

I, John Michael Unfred, hereby certify that on August 31, 2015, a copy of the foregoing Notice was served on Kathleen S. Muller, by mailing via the United States Postal Service, postage prepaid, at Salem, Oregon.

I hereby declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

Dated: August 31, 2015

_____
John Michael Unfred, WSBA#20729
Attorney for Plaintiff

cc: client

— **EXHIBIT  5** —

**CSO FINANCIAL, INC.**
**AKA CREDIT SERVICES OF OREGON**
1229 SE STEPHENS STREET
P.O. BOX 1208
ROSEBURG, OREGON 97470
541-673-6661 or 1-800-888-6597

September 29, 2016

Kathleen S Muller                    1387476
23317 61st Ave S Apt Dd303
Kent, WA  98032-4852

THIS is a demand for PAYMENT IN FULL!!!

You have been sent requests for payment and to date our files show no action on your part.  SEND PAYMENT IN FULL or CONTACT US AT ONCE as it must be determined what will happen with this judgment.

As of the date of this letter, you owe the "TOTAL" amount as shown on this letter. If lengthy, this list may be continued onto a second page. Because of interest and other charges that may vary from day to day, the "TOTAL" amount due on the day that you pay may be greater. Hence, if you pay the amount shown as "TOTAL", an adjustment may be necessary after we receive your payment, in which event we will inform you before depositing your payment for collection. For further information, please write the undersigned or call one of the phone numbers on this letter.

To pay online using your credit card, go to www.paycso.com

This communication is from a debt collector.  This is an attempt to collect a debt.  Any information obtained will be used for that purpose.

Sincerely,

Robin;800-888-6597/541-673-6661 Ext 214

| CREDITOR | AMOUNT | INTEREST | FEES | TOTAL |
|---|---|---|---|---|
| KROGER CO | 191.60 | 13.89 | 658.00 | 863.49 |
| KROGER CO | 43.28 | 1.23 | 3.28 | 47.79 |
| J MICHAEL UNFRED, LLC | 0.00 | 0.00 | 200.00 | 200.00 |
| CSO FINANCIAL INC | 0.00 | 21.10 | 0.00 | 21.10 |
| Additional Judgment Charges/Interest | | | | 11.54 |
| TOTAL | 234.88 | 36.22 | 861.28 | 1,143.92 |

- - - - - - - - - - - - - - - - - - - - - - - - - Detach and Return with Payment - - - - - - - - - - - - - - - - - - - - - - - - -

PO BOX 1208
ROSEBURG OR 97470
ADDRESS SERVICE REQUESTED

PERSONAL & CONFIDENTIAL
#BWNLPZV
#0330 0000 0966 7156#

ɪ·ɪ·ɪ·ɪɪ·ɪɪ¹ɪɪ·ɪɪɪ¹ɪɪ·ɪ·ɪ·ɪ·ɪ·ɪ·ɪ·ɪɪ·ɪɪ·ɪ·ɪɪ·ɪ·ɪɪ·ɪ·ɪ·ɪɪ

KATHLEEN S MULLER
23317 61ST AVE S APT DD303
KENT WA  98032-4852

CREDITOR : Your Creditors
PRINCIPAL                    : $234.88
INTEREST                     : $36.22
FEES (COURT COSTS INCLUDING
   ACCRUING COSTS)    : $861.28
JUDGMENT INTEREST   : $  11.54
TOTAL                          : $1143.92

AMOUNT ENCLOSED :_____

1387476

CSO FINANCIAL, INC.
PO BOX 1208
ROSEBURG OR  97470-0306

ɪ·ɪɪɪɪ·ɪ·ɪɪ·ɪɪɪ¹ɪɪɪɪ·ɪ·ɪ·ɪ·ɪ·ɪ·ɪ·ɪɪɪ·ɪ·ɪɪ·ɪɪ·ɪɪ·ɪ·ɪ·ɪɪ·ɪɪ·ɪ·ɪɪɪ

FULLJ 000140P 1 143 000010 273 033000 Z-NOCRE

— **EXHIBIT  6** —



# J. MICHAEL UNFRED, LLC

**ATTORNEY AT LAW**
A LIMITED LIABILITY CORPORATION
P.O. BOX 327
280 COURT STREET NE, SUITE 250
SALEM, OR 97308
(503)371-6005
FAX (503)371-4849

**FILED**

OCT 09 2015

KCDC WEST DIVISION
SEATTLE COURTHOUSE

February 10, 2014

Amanda A Maier
3719 E Highland Dr.
Seattle, WA 98112

Re:   CSO Financial, Inc vs Amanda A Maier
      Client File Number: 1351193/Kroger Co.
      Principal:        $133.98
      Interest:         $10.92
      Penalty:          $60.00
      Balance on Accounts: $204.90

Dear Ms Maier:

We have been retained by CSO Financial, Inc., regarding the above account. We are sending this letter based on the information provided by our client. Our client has advised that the debtor lives or have relocated to 3719 E Highland Dr., Seattle, WA 98112.

At this time, our client is seeking the principal balance, interest, and NSF fee in the amount of $184.90 and the handling fee of $20.00. The collection fee is assessed by operation of law under RCW 62A.3-520 and Notice of Dishonor is attached to this letter. Our client has the option to instruct our firm to collect additional amounts that may become due pursuant to the agreement(s)/contract(s) with our client or recoverable under the applicable state law. Consistent with RCW 62A.3-520 this letter should serve as a demand for payment of $204.90 and a representation that if payment is not made, attorneys fees and penalties will be sought under that statute.

-----------------------------------------------------------------------------

Licensed in Oregon & Washington

EXHIBIT B

As of the date of this letter, our client advises us that above amount is owed. Because interest, late charges, penalties and other contractual charges may vary from day to day, the amount due on the day it is paid may be different. Hence, if a payment is made for the amount shown above at a later date, an adjustment for late charges or interest or other charges may be necessary, in which event we shall make known the amount and the reason for the amount, before depositing the check. For further information, write the undersigned, or call 1-800-554-1128. This correspondence should not be considered a payoff letter. The above breakdown is furnished for informational purposes only and is not to be treated as an estoppel.

Unless the consumer within thirty days (30) after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector. If the consumer notifies the debt collector within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment (if a judgment exists) will be mailed to the consumer by the debt collector. Upon the consumer's request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

**This communication is from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose.**

Sincerely,

J. MICHAEL UNFRED LLC

John Michael Unfred
Attorney at Law

JMU/al
cc: client

---

## NOTICE OF DISHONOR OF CHECK

A check drawn by Amanda Maier and made payable to QFC in the amount of $133.98 has not been accepted for payment by Banner Bank, which is the drawee bank, designated on your check. This check is dated June 3, 2013 and it is numbered 1447. Interest accrued in the amount of $10.92, a handling fee of $20.00 and a check charge of $40.00.

Pursuant to RCW 62A.3-520 you are CAUTIONED that unless you pay the balance of these checks, you may very well have to pay the following additional amounts:

1.  Cost of collecting the amount of the check, including an attorney's fees which will be set by the court;
2.  Interest on the amount of the check which shall accrue at the rate of 12% per annum from the date of dishonor; and
3.  Three hundred ($300.00) dollars or three (3) times the face amount of the check, whichever is less, by award of the court.



Licensed in Oregon & Washington                    Page 3 of 3

— **EXHIBIT  7** —



# J. MICHAEL UNFRED, LLC

### ATTORNEY AT LAW
#### A LIMITED LIABILITY CORPORATION
P.O. BOX 327
280 COURT STREET NE, SUITE 250
SALEM, OR 97308
(503)371-6005
FAX (503)371-4849

April 8, 2014

Luis A. Ortiz
4356 S. 300th St.
Auburn, WA 98001-2934

Re:    CSO Financial, Inc vs Luis A. Ortiz
       Client File Number: 1357205/Kroger Co.
       Principal:    $263.21
       Interest:     $21.06
       Penalty:      $120.00
       Balance on Accounts: $404.27

Dear Mr. Ortiz:

We have been retained by CSO Financial, Inc., regarding the above account. We are sending this letter based on the information provided by our client. Our client has advised that the debtor lives or have relocated to 4356 S. 300th St., Auburn, WA 98001-2934.

At this time, our client is seeking the principal balance, interest, and NSF fee in the amount of $364.27 and the handling fee of $40.00. The collection fee is assessed by operation of law under RCW 62A.3-520 and Notice of Dishonor is attached to this letter. Our client has the option to instruct our firm to collect additional amounts that may become due pursuant to the agreement(s)/contract(s) with our client or recoverable under the applicable state law. Consistent with RCW 62A.3-520 this letter should serve as a demand for payment of $404.27 and a representation that if payment is not made, attorneys fees and penalties will be sought under that statute.

---

Licensed in Oregon & Washington



As of the date of this letter, our client advises us that above amount is owed. Because interest, late charges, penalties and other contractual charges may vary from day to day, the amount due on the day it is paid may be different. Hence, if a payment is made for the amount shown above at a later date, an adjustment for late charges or interest or other charges may be necessary, in which event we shall make known the amount and the reason for the amount, before depositing the check. For further information, write the undersigned, or call 1-800-554-1128. This correspondence should not be considered a payoff letter. The above breakdown is furnished for informational purposes only and is not to be treated as an estoppel.

Unless the consumer within thirty days (30) after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector. If the consumer notifies the debt collector within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment (if a judgment exists) will be mailed to the consumer by the debt collector. Upon the consumer's request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

**This communication is from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose.**

Sincerely,

J. MICHAEL UNFRED LLC

John Michael Unfred
Attorney at Law

JMU/al
cc: client

## NOTICE OF DISHONOR OF CHECK

A check drawn by Luis A. Ortiz and made payable to Fred Meyers in the amount of $170.00 has not been accepted for payment by Bank of America, which is the drawee bank, designated on your check. This check is dated August 2, 2013 and it is numbered 1200. Interest accrued in the amount of $13.58, a handling fee of $20.00 and a check charge of $40.00.

A check drawn by Luís A. Ortiz and made payable to Fred Meyers in the amount of $93.21 has not been accepted for payment by Bank of America, which is the drawee bank, designated on your check. This check is dated August 1, 2013 and it is numbered 1198. Interest accrued in the amount of $7.48, a handling fee of $20.00 and a check charge of $40.00.

Pursuant to RCW 62A.3-520 you are CAUTIONED that unless you pay the balance of these checks, you may very well have to pay the following additional amounts:

1.   Cost of collecting the amount of the check, including an attorney's fees which will be set by the court;
2.   Interest on the amount of the check which shall accrue at the rate of 12% per annum from the date of dishonor; and
3.   Three hundred ($300.00) dollars or three (3) times the face amount of the check, whichever is less, by award of the court.

## DECLARATION OF SERVICE BY MAIL

I, John Michael Unfred, hereby certify that on the __8__ day of __April__ , 2014, a copy of the foregoing Notice was served on Luis A Ortiz, by mailing via the United States Postal Service, postage prepaid, at Salem, Oregon.

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

Dated: __10·7·14__

John Michael Unfred, WSB#20729
Attorney for Plaintiff