1

2

3

4

5

THE HONORABLE JOHN C. COUGHENOUR

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

8

DUANE BOWEN; AMANDA MAIER;
KATHLEEN MULLER; and LUIS ORTIZ, on
behalf of themselves and on behalf of others
similarly situated,

NO. 2:17-cv-00677-JCC

9

10

**PLAINTIFFS' UNOPPOSED MOTION
FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT**

Plaintiffs,

11

12

v.

**NOTED FOR CONSIDERATION:
February 12, 2018**

13

CSO FINANCIAL, INC., a/k/a CREDIT
SERVICES OF OREGON; J. MICHAEL
UNFRED, d/b/a J. MICHAEL UNFRED LLC;
and DOES ONE THROUGH TEN,

14

15

16

Defendants.

17

18

19

20

21

22

23

24

25

26

27

PLAINTIFFS' UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT
CASE NO. 2:17-cv-00677-JCC

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

## <u>TABLE OF CONTENTS</u>

**Page**

I.  INTRODUCTION ..................................................................................................... 1

II.  STATEMENT OF FACTS ...................................................................................... 2

    A.  Factual Background ..................................................................................... 2

        1.  Defendants' Notice of Dishonor of Check forms ................................... 3

    B.  Procedural Background ................................................................................ 4

    C.  Settlement Terms ........................................................................................ 5

        1.  The Plaintiff Class ............................................................................... 5

        2.  Monetary relief .................................................................................... 6

            a.  Class Member awards .............................................................. 6

            b.  Representative Plaintiffs' statutory damages and incentive awards ....................................................................................... 7

            c.  Attorneys' fees and litigations expenses ................................... 8

            d.  Administration costs ............................................................... 8

        3.  Non-monetary relief ............................................................................ 8

        4.  The release ........................................................................................... 9

        5.  Settlement administration and notice ................................................... 9

III.  ARGUMENT AND AUTHORITY ......................................................................... 10

    A.  The settlement approval process ................................................................. 10

    B.  The proposed settlement class should be preliminary certified .................... 12

        1.  The settlement class satisfies the requirements of Rule 23(a) .............. 12

        2.  The settlement class satisfies the requirements of Rule 23(b)(3) ......... 13

    C.  The proposed settlement should be preliminary approved ............................ 14

PLAINTIFFS' UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT - ii
CASE NO. 2:17-cv-00677-JCC

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1.    The strength of Plaintiffs' case ............................................................ 15

2.    The risk, expense, complexity, and likely duration of further litigation ................................................................................................... 15

3.    The risk of maintaining class action status through trial ...................... 16

4.    The amount offered in settlement ......................................................... 16

5.    The extent of discovery completed and the state of proceedings ......... 17

6.    The experience and views of counsel ................................................... 17

7.    The presence of a governmental participant ......................................... 18

8.    The reaction of class members to the proposed settlement ................. 18

9.    The Settlement is the product of informed and non-collusive negotiations ............................................................................................ 18

D.    Class Counsel's requested fees are reasonable ................................................. 19

E.    The proposed notice program is constitutionally sound ................................... 20

F.    The schedule for final approval ....................................................................... 21

IV.    CONCLUSION .......................................................................................................... 22

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

# TABLE OF AUTHORITIES

Page

*Amchem Prods., Inc. v. Windsor*,
  521 U.S. 591 (1997) ................................................................ 11

*Bellinghausen v. Tractor Supply Co.*,
  306 F.R.D. 245 (N.D. Cal. 2015) ................................................ 18

*Churchill Village, LLC v. General Electric*,
  362 F.3d 566 (9th Cir. 2004) ..................................................... 14

*Class Plaintiffs v. City of Seattle*,
  955 F.2d 1268  (9th Cir. 1992) .................................................. 10

*Custom LED, LLC v. eBay, Inc.*,
  No. 12-cv-00350-JST, 2014 WL 2916871 (N.D. Cal. June 24, 2014) ......... 16

*Dibb v. AllianceOne Receivables Mgmt.*,
  No. 14-5835, 2015 WL 8970778 (W.D. Wash. Dec. 16, 2015) .................. 13

*Gehrich v. Chase Bank USA, N.A.*,
  316 F.R.D. 215 (N.D. Ill. 2015) .................................................. 16

*Hanlon v. Chrysler Corp.*,
  150 F.3d 1011 (9th Cir. 1998) .............................................. 12, 14

*Hansen v. Ticket Track, Inc.*,
  213 F.R.D. 412 (W.D. Wash. 2003) ..................................... 12, 13, 14

*Hunt v. Check Recovery Sys., Inc.*,
  241 F.R.D. 505 (N.D. Cal. 2007) ................................................ 12

*Ikuseghan v. Multicare Health Sys.*,
  No. 3:14-cv-05539-BHS, 2016 WL 3976569 (W.D. Wash. July 25, 2016) ....... 18

*In re Bluetooth Headset Prods. Liab. Litig.*,
  654 F.3d 935 (9th Cir. 2011) ................................................ 14, 19

*In re Hyundai and Kia Fuel Economy Litig.*,
  --- F.3d ---, 2018 WL 505343 (9th Cir. Jan. 23, 2018) ..................... 13, 14

*In re Mego Fin. Corp. Sec. Litig.*,
  213 F.3d 454 (9th Cir. 2000) ..................................................... 16

PLAINTIFFS' UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT - iv
CASE NO. 2:17-cv-00677-JCC

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

*In re Mercury Interactive Corp. Sec. Litig.*,
    618 F.3d 988 (9th Cir. 2010) ........................................................................ 8

*In re Omnivision Tech., Inc.*,
    559 F. Supp. 2d 1036 (N.D. Cal. 2008) ....................................................... 16

*In re Online DVD-Rental Antitrust Litig.* ("*Online DVD-Rental*"),
    779 F.3d 934 (9th Cir. 2015) ............................................................... *passim*

*In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*,
    227 F.R.D. 553, 567 (W.D. Wash. 2004) .............................................. 18, 19

*In re Wash. Pub. Power Supply Sys. Sec. Litig.*,
    19 F.3d 1291 (9th Cir. 1994) ...................................................................... 19

*Keele v. Wexler*,
    149 F.3d 589 (7th Cir. 1998) ................................................................. 12, 13

*Knight v. Red Door Salons, Inc.*,
    No. 08-01520 SC, 2009 WL 248367 (N.D. Cal. Feb. 2, 2009) .................... 18

*Mullane v. Cent. Hanover Bank & Trust Co.*,
    339 U.S. 306 (1950) ..................................................................................... 20

*Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*,
    221 F.R.D. 523 (C.D. Cal. 2004) ................................................................ 15

*Palmer v. Stassinos*,
    233 F.R.D. 546 (N.D. Cal. 2006) ................................................................ 12

*Pelletz v. Weyerhaeuser Co.*,
    592 F. Supp. 2d 1322 (W.D. Wash. 2009) .................................................... 7

*Ortiz v. Fiberboard Corp.*,
    527 U.S. 815 (1999) ..................................................................................... 18

*Quiroz v. Revenue Prod. Mgmt., Inc.*,
    252 F.R.D. 438 (N.D. Ill. 2008) .................................................................. 13

*Rodriguez v. W. Publ'g Corp.*,
    563 F.3d 948 (9th Cir. 2009) .......................................................... 7, 15, 16

*Ruch v. AM Retail Group, Inc.*,
    No. 14-cv-05352-MEJ, 2016 WL 1161453 (N.D. Cal. Mar. 24, 2016) ...... 19

*Schwarm v. Craighead*,
    233 F.R.D. 655 (E.D. Cal. 2006) .................................................................. 14

*Vizcaino v. Microsoft Corp.*,
    290 F.3d 1043 (9th Cir. 2002)

# FEDERAL RULES

Fed. R. Civ. P. 23 .................................................................................................*passim*

# FEDERAL STATUTES

15 U.S.C. § 1692 ............................................................................................ 4, 7, 16

28 U.S.C. § 1715 ................................................................................................... 18

# STATE STATUTES

RCW 62A.3-530 ...................................................................................................... 3

RCW 19.16.250 ....................................................................................................... 3

RCW 19.86.090 ..................................................................................................... 20

# OTHER AUTHORITIES

*Manual for Complex Litigation (Fourth)* (2004) (Ann. ed., 2017) ("MCL 4th") ........ 11, 12, 20

William B. Rubenstein,
    *Newberg on Class Actions* ("*Newberg*") § 13.1 (5th ed. 2016 Supp.) ............. 10, 11, 21

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

# I. INTRODUCTION

Under Washington law, a collection agency seeking to recover a dishonored check may become entitled to a variety of fees above the face amount of the check if, and only if, the collector strictly complies with a statutory Notice of Dishonor procedure. These fees can total hundreds of dollars, even on small checks. Plaintiffs Duane Bowen, Amanda Maier, Kathleen Muller, and Luis Ortiz (collectively, "Plaintiffs") allege that Defendants CSO Financial, Inc. ("CSO") and J. Michael Unfred ("Unfred") (collectively, "Defendants"), engaged in a common practice of collecting unlawful fees when they sent defective notice of dishonor (NOD) forms to individuals who allegedly wrote checks that went unpaid. The NOD forms Defendants sent to Class Members[1] failed to comply with statutory requirements. In addition, during a specific timeframe, Defendants' initial communications with Class Members failed to include validation notices required by the Fair Debt Collection Practice Act.

The parties have reached an agreement to settle the case on a class wide basis and Plaintiffs seek the Court's preliminary approval of the Settlement. There are approximately 7,567 class members. The Settlement requires Defendants to pay $345,000 to establish a non-reversionary Settlement Fund. All Class Members who are in the CPA Sub-Class and who paid any Check Fees[2] to any Defendant will receive an award of at least one-hundred percent of the Check Fees they paid. All Class Members who are in the FDCPA Sub-Class will receive statutory damages awards of $10.

In addition, Defendants have agreed to significant non-monetary relief. Among other things, Defendants have agreed to entry of a stipulated injunction that precludes them from collecting Check Fees on accounts included in the Plaintiff Class, and requires CSO to forgive unpaid Check Fees on CPA Sub-Class Member Accounts. In addition, for CPA Sub-Class Members against whom CSO has obtained a judgment that has not yet been satisfied, CSO will

---

[1] All capitalized terms have the definitions set forth in the Settlement Agreement and Release attached as <u>Exhibit 1</u> to the Declaration of Beth E. Terrell ("Terrell Decl.").

[2] Check Fees includes collection costs, interest, treble damages, attorneys' fees, court costs, and any other fee or cost charged to Class Members other than the face value of the dishonored check and a reasonable handling fee.

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT - 1
CASE NO. 2:17-cv-00677-JCC

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 ● FAX 206.319.5450
www.terrellmarshall.com

file a partial satisfaction of judgment in the amount of all Check Fees included in the judgment with the court in which the judgment was entered. Plaintiffs estimate the value of Defendants' agreement to forgive unpaid Check Fees at more than $625,000. Thus, the total value of the Settlement is estimated at more than $970,000.

The Settlement Fund will also be used to pay service and statutory damages awards to the Class Representatives and reasonable attorneys' fees and costs approved by the Court. Plaintiffs will each request a combined statutory damages and service award of $2,500. Class Counsel will request an award of attorneys' fees and costs totaling $160,000.

In addition to the Settlement Fund, Defendants will pay the costs of settlement administration separately. The costs of settlement administration in this matter are estimated to be $47,300 or less.

The Settlement is an excellent result for the Plaintiff Class, and is fair, adequate, and reasonable. Accordingly, Plaintiffs respectfully request that the Court take the following initial steps in the settlement approval process: (1) provisionally certify the proposed Plaintiff Class, CPA Sub-Class, and FDCPA Sub-Class; (2) appoint Plaintiffs as the Representative Plaintiffs; (3) appoint as Class Counsel the law firms of Terrell Marshall Law Group PLLC, Law Office of Paul Arons, and Leonard Law; (4) grant preliminary approval to the Settlement; (5) approve the proposed notice plan; (6) appoint Garden City Group, LLC ("GCG") to serve as the settlement administrator; and (7) schedule the final fairness hearing and related dates.

## II.  STATEMENT OF FACTS

### A.  Factual Background

CSO is a debt collection company headquartered in Roseburg, Oregon. (Dkt. No. 1-4 ("FAC") ¶ 7). CSO collects on dishonored checks written in multiple states, including Washington. CSO's primary client in Washington is Kroger, which refers accounts to CSO for dishonored checks written to QFC and Fred Meyer stores. *Id.* CSO sends collection demand letters to the check writers, receives payments from check writers, and disburses payments to

PLAINTIFFS' UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT - 2
CASE NO. 2:17-cv-00677-JCC

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

its clients and to itself. In some instances, CSO files lawsuits as part of its attempts to collect dishonored checks. *See, e.g.*, FAC ¶¶ 45, 53, 72, 96. Defendant Unfred was an attorney who participated in CSO's debt collection scheme by, among other things, sending or signing Notices of Dishonor on behalf of CSO, and filing lawsuits and obtaining judgments against check writers on behalf of CSO. *Id.* ¶¶ 11–12, 96. Defendant Unfred was not licensed as a debt collector as required under Washington law. FAC ¶¶ 11–12.

        1.   <u>Defendants' Notice of Dishonor of Check forms.</u>

Washington's negotiable instruments statute regulates collection of dishonored checks. The statute expressly governs collection agencies and requires collection agencies to use a statutorily mandated Notice of Dishonor of Check ("NOD") form. FAC ¶¶ 82–83. Using the form allows collection agencies to collect interest and specified fees from consumers who do not pay within 33 days after being sent an NOD. *See* RCW 62A.3-530.

Beginning prior to February 9, 2013 and continuing until September 1, 2015, Defendants sent NODs to Plaintiff Class Members that were not in the form required by the statute. FAC ¶¶ 87, 89, 128. Among other things, Defendants demanded the payment of additional fees when the NODs were sent. By law, they may collect additional fees only if the alleged debt remained unpaid 33 days after the NOD was sent. FAC ¶ 92. This violates the NOD statutes, as well as the Collection Agency Act. *See* RCW 62A.3-550. In many cases, Defendants also sent NODs in the form of RCW 62A.3-520, the NOD form for use by non-collection agencies, rather than RCW 62A.3-540, the form required for collection agencies. FAC ¶ 92. Further, in some instances, Defendants failed to include the required certificate of mailing with their NODs. FAC ¶¶ 87(d), 90. As a combined result of these failures, Defendants attempted to collect (and in many cases, collected) fees and interest to which they were not entitled. FAC ¶¶ 129–30. This attempted collection is a violation of the Collection Agency Act, RCW 19.16.250(15), (21). *Id.*

PLAINTIFFS' UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT - 3
CASE NO. 2:17-cv-00677-JCC

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

During the CPA Sub-Class period, Defendants attempted to collect several different categories of Check Fees from more than 5,000 Washington consumers to whom Defendants sent at least one faulty NOD, including collection costs, interest, treble damages, attorneys' fees, and court costs. Terrell Decl. ¶ 11. Plaintiffs allege that Defendants were not entitled to collect any of these Check Fees. FAC ¶¶ 84–85, 129–30. CSO's records as of September 2017 show that it has collected more than $160,000 in Check Fees from CPA Sub-Class Members. Terrell Decl. ¶ 11.

Defendants began using an NOD that complied with Washington law on or about September 1, 2015. Terrell Decl. ¶ 12. However, until September 27, 2016, Defendants used a validation notice that failed to comply with all requirements of the FDCPA. 15 U.S.C. § 1692g(a); FAC ¶¶ 112–115. The statute of limitations on FDCPA claims is one year, so for purposes of the Settlement, the FDCPA Sub-Class includes individuals to whom a Notice of Dishonor was sent between February 9, 2016 (one year before this action was filed) and September 27, 2016.

**B.    Procedural Background**

Plaintiffs filed this lawsuit on February 9, 2017 in King County Superior Court and filed an amended complaint on April 21, 2017. Dkt. Nos. 1-3, 1-4. Defendants timely removed to this Court on May 1, 2017. Dkt. No. 1. The parties exchanged initial disclosures in June 2017. Terrell Decl. ¶ 13. Plaintiffs served written discovery and received initial responses from Defendants on June 30, 2017 and supplemental responses on July 17, 2017. *Id.* After this written discovery was complete, Defendants proposed working toward early resolution of this matter. *Id.* The parties agreed to set a formal mediation in September 2017 and to produce reasonable follow-up discovery needed in advance of mediation. *Id.* Plaintiffs requested and received follow-up discovery responses from Defendants prior to mediation. *Id.*

On September 12, 2017, the parties participated in a full day mediation with Louis D. Peterson of Hillis Clark Martin & Peterson P.S. Terrell Decl. ¶ 14. Mr. Peterson mediates large,

PLAINTIFFS' UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT - 4
CASE NO. 2:17-cv-00677-JCC

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

complex cases, including those involving consumer protection claims. *Id.* The parties did not

reach a settlement during mediation, but continued arm's length negotiations with Mr.

Peterson's assistance. *Id.* On September 27, 2017, all parties agreed on the non-monetary terms

of the Settlement and provided Mr. Peterson with a draft of the Settlement Agreement for his

assistance in negotiating the monetary settlement award. *Id.* After additional offers and

counteroffers, on October 24, 2017 the parties agreed on a Settlement Fund of $345,000, with

Defendants paying all settlement administration costs separately. *Id.* ¶ 15.

Unfortunately, Defendant Unfred passed away on October 13, 2017. Dkt. No. 19 at ¶ 4.

Mr. Unfred's untimely death resulted in some delay in both agreement on final terms and

formal execution of the Settlement Agreement. Terrell Decl. ¶ 16. The Settlement Agreement

was finally fully executed on February 5, 2018. *Id.* ¶ 16, Ex. 1.

All of the parties' settlement negotiations have been non-collusive and at arm's length.

*Id.* ¶ 18. The parties have reached a class wide settlement in this case that Plaintiffs and their

counsel believe is fair, adequate, reasonable, and in the best interests of the Plaintiff Class. *Id.*

## C. Settlement Terms.

The details of the Settlement are contained in the Settlement Agreement and Release of

Claims between Plaintiffs and Defendants. *See* Terrell Decl., Ex. 1 ("Settlement Agreement").

The Settlement Agreement's terms are summarized below.

### 1. The Plaintiff Class.

The proposed class definitions for purposes of settlement are as follows:

> Plaintiff Class: All persons who allegedly wrote a dishonored
> check for payment in Washington to whom any Defendant
> attempted to collect that dishonored check between February 9,
> 2013 and September 1, 2015 and/or February 9, 2016 and
> September 27, 2016.

> CPA Sub-Class: All persons in the Plaintiff Class who meet both
> of the following criteria: (1) The Class Member's Account was
> assigned on or before September 1, 2015; and (2) on or after
> February 9, 2013, any Defendant attempted to collect the
> Account.

PLAINTIFFS' UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT - 5
CASE NO. 2:17-cv-00677-JCC

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1
2
3
4

     <u>FDCPA Sub-Class</u>: All persons in the Plaintiff Class who meet both of the following criteria: (1) The Class Member's Account is based upon a dishonored check written primarily for personal, family, or household purposes; and (2) between February 9, 2016 and September 27, 2016, any Defendant sent a notice of dishonor to the Class Member in an attempt to collect the Account.

5      Settlement Agreement §§ 1.07, 1.14, 1.17. Excluded from the Plaintiff Class are

6 Defendants, any entity that had a controlling interest in Defendants, and Defendants' current or

7 former directors, officers, counsel, and their immediate families. *Id.* § 1.17.2. Also excluded

8 from the Plaintiff Class are any persons who are deceased and any persons who obtained a

9 judgment against any Defendant in a case in which liability for the dishonored check was

10 litigated. *Id.* § 1.17.3. The definitions of the Plaintiff Class and Sub-Classes capture the time

11 periods and statutory violations on which Plaintiffs have the strongest liability claims.

12      2.    <u>Monetary relief.</u>

13      Pursuant to the Settlement Agreement, Defendants will pay a total of $345,000 into a

14 Settlement Fund. Settlement Agreement § 1.22. This payment will cover all the following as

15 approved by the Court: Settlement Payments to the Plaintiff Class; payment of statutory

16 damages and service awards to the Class Representatives; and payment of attorneys' fees and

17 costs as approved by the Court. *Id.* at §§ 2.04, 4.04. The amount of the Settlement Fund less the

18 amounts approved by the Court for payments to the Class Representatives and to Class Counsel

19 is referred to as the Class Fund. *Id.* § 1.05. If any amounts remain in the Class Fund as a result

20 of uncashed checks, Plaintiffs ask the Court to approve distribution of those funds in *cy pres* to

21 Columbia Legal Services and Northwest Justice Project. *Id.* § 4.06.5. As set forth more fully

22 below, any Court-approved notice and settlement administration costs will be paid separately

23 by Defendants. *Id.* § 2.01.

24      a.    *Class Member awards.*

25      The Settlement Agreement provides for a Class Fund of not less than $161,588.14 for

26 distribution to CPA Sub-Class Members as payment for actual damages. *Id.* § 4.04.3. The Class

27

PLAINTIFFS' UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT - 6
CASE NO. 2:17-cv-00677-JCC

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1  Fund will compensate CPA Sub-Class Members for *all* Check Fees they paid to Defendants. *Id.*

2  § 4.04.3. In addition, members of the FDCPA Sub-Class will receive an award of $10,

3  representing FDCPA statutory damages. *Id.* § 4.04.2. Any additional money in the Class Fund

4  will be paid as CPA treble damages to CPA Sub-Class Members pro rata based on the amount

5  of Check Fees paid. *Id.* § 4.04.4. Thus, CPA Sub-Class Members may receive more than 100%

6  of their total damages.

7          b.    *Representative Plaintiffs' statutory damages and incentive awards.*

8        Plaintiffs Bowen, Maier, Muller, and Ortiz will request statutory damage and service

9  award payments to each of them in the amount of $2,500.

10        The FDCPA authorizes a class representative to receive a $1,000 statutory damages

11  award. 15 U.S.C. § 1692k(a)(2)(B). In accord with the statute, Plaintiffs will request Court

12  approval of FDCPA statutory damages awards of $1,000 for each Class Representative. *Id.* §

13  4.04.1.

14        Service awards "are fairly typical in class action cases" and promote the public policy

15  of encouraging individuals to undertake the responsibility of representative lawsuits. *Rodriguez*

16  *v. W. Publ'g Corp.*, 563 F.3d 948, 958–59 (9th Cir. 2009). Plaintiffs will request Court

17  approval of service awards in an amount not to exceed $1,500 each. *Id.* § 2.04.2. The proposed

18  $1,500 service awards are reasonable considering the Plaintiffs' efforts and time expended

19  supporting the litigation as well as the substantial relief obtained. *See In re Online DVD-Rental*

20  *Antitrust Litig.* ("*Online DVD-Rental*"), 779 F.3d 934, 942, 943 (9th Cir. 2015) (approving

21  award of "modest" $5,000 service award); *Pelletz v. Weyerhaeuser Co.*, 592 F. Supp. 2d 1322,

22  1329-30 & n.9 (W.D. Wash. 2009) (approving $7,500 service awards and collecting decisions

23  approving awards ranging from $5,000 to $40,000). Plaintiffs assisted in drafting the

24  complaints, located and provided documents relevant to this litigation, and providing

25  information regarding their interactions with Defendants. Terrell Decl. ¶ 19.

26

27

PLAINTIFFS' UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT - 7
CASE NO. 2:17-cv-00677-JCC

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

c.     *Attorneys' fees and litigation expenses.*

The Settlement Agreement provides that Class Counsel may request that the Court approve an award of attorneys' fees and litigation expenses not to exceed $160,000, in accordance with fee-shifting principles. Settlement Agreement § 2.04.1. Within 30 days of the Notice Deadline, Class Counsel will file a fee petition with the Court requesting approval of an award to compensate and reimburse them for the work already performed in this case and the work remaining to be performed in connection with the Settlement. Class Counsel's lodestar already exceeds $160,000, and Class Counsel have incurred more than $4,400 in out-of-pocket costs in prosecuting this action. Terrell Decl. ¶ 20.

The Settlement Agreement is not contingent on the amount of attorneys' fees or costs awarded. *See* Settlement Agreement § 2.05. In accordance with *In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 994 (9th Cir. 2010), Class Counsel's fee petition will be filed thirty days before the deadline for Settlement Class members to object and will be posted to the Settlement Website within 24 hours of filing. With that petition, Class Counsel will provide the Court with details regarding their time and out-of-pocket expenses.

d.     *Administration costs.*

Defendants have agreed to retain Garden City Group, LLC ("GCG") to administer the notice and Settlement Fund. Settlement Agreement § 2.01. Travelers Insurance Company, on behalf of Defendants, will pay all class administration fees and costs incurred by GCG separately from the Settlement Fund. *Id.*

3.     <u>Non-monetary relief.</u>

The Settlement provides significant non-monetary relief designed to protect CPA Sub-Class Members from further collection efforts for the Check Fees at issue in this case. Defendants have agreed to stipulate to an injunction providing the following prospective relief: (1) Defendant shall permanently cease any effort to collect Check Fees on any Account in the CPA Sub-Class; (2) Defendants shall not transfer or assign CPA Sub-Class Member Accounts

PLAINTIFFS' UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT - 8
CASE NO. 2:17-cv-00677-JCC

1    without notifying the transferee that the transferee is prohibited from collecting Check Fees; (3)

2    CSO shall credit each CPA Sub-Class Member Account the amount of any unpaid Check Fees;

3    and (4) if a judgment was entered against a CPA Sub-Class Member, and the judgment has not

4    been satisfied, CSO shall file a partial satisfaction of judgment for the amount of any unpaid

5    Check Fees. Settlement Agreement §§ 5.01-5.05. In connection with final approval of the

6    settlement, Plaintiffs and CSO will provide to the Court a stipulated injunction consistent

7    section 5 of the Settlement Agreement. This injunctive relief benefits all CPA Sub-Class

8    Members regardless of whether they paid any of Defendants' Check Fees.

9         Plaintiffs estimate Defendant's credit of the amount of any unpaid Check Fees to CPA

10    Sub-Class Member Accounts will result in forgiven Check Fees of over $625,000. Terrell Decl.

11    ¶ 21. Thus, the total value of the Settlement exceeds $970,000.

12         4.    The release.

13         The release is appropriately tailored based on the claims made in the case. In

14    exchange for the benefits provided by the settlement, the Plaintiff Class members will

15    release any legal claims that may arise from or relate to Defendants' debt collection

16    activity using the NOD forms or collection relating to the dishonored checks identified

17    by CSO in the data it has produced regarding the Plaintiff Class. Settlement Agreement

18    §§ 1.19–1.20.

19         5.    Settlement administration and notice.

20         As agreed by the parties, GCG will administer the Settlement. Plaintiffs ask the Court to

21    approve the notice program and direct GCG to implement the program by mailing notice to the

22    Plaintiff Class within 30 days of the date of entry of the Preliminary Approval Order.

23    Settlement Agreement § 3.03.1, Ex. C (proposed postcard notice).

24         GCG will send the postcard notice to Class Members directly through first class mail

25    using the most recent contact information available based on CSO's records and the United

26    States Postal Service's National Change of Address database. Settlement Agreement § 3.03.1.

27

PLAINTIFFS' UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT - 9
CASE NO. 2:17-CV-00677-JCC

If a notice is returned as undeliverable with a forwarding address provided by the United States Postal Service, GCG will promptly resend the notice to that forwarding address. *Id.* If a notice is returned as undeliverable and without a forwarding address, GCG will perform one skip trace search and, if it obtains a more recent address, will resend the notice. *Id.* In addition to the postcard notice, GCG will establish and maintain a Settlement Website, which will display, at a minimum, the operative Complaint, the Settlement Agreement, and all other filings and orders made in connection with settlement of this action (including the Preliminary Approval Order). *Id.* § 3.03.2, Ex. D (the Website Notice).

Class Members will have sixty days from the Notice Deadline to opt out of the Plaintiff Class or to submit objections. *Id.* § 3.04. After Final Approval, GCG will mail individual awards to all Plaintiff Class Members for whom GCG has a deliverable address. Settlement Payments will be calculated by Class Counsel based on CSO's data. *Id.* § 4.03–4.04. Class Members are not required to submit claims to receive payment. The parties request that the Court approve distributions in *cy pres* to Columbia Legal Services and Northwest Justice Project of any amounts remaining in the Class Fund 180 days after issuance of the checks *Id.* § 4.06.5. No funds will revert to Defendants. *Id.*

## III.  ARGUMENT AND AUTHORITY

### A.    The settlement approval process.

Proposed class action settlements are not effective unless approved by the Court. Fed. R. Civ. P. 23(e). As a matter of "express public policy," federal courts strongly favor and encourage settlements, particularly in class actions and other complex matters, where the inherent costs, delays, and risks of continued litigation might otherwise overwhelm any potential benefit the class could hope to obtain. *See Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992) (noting the "strong judicial policy that favors settlements, particularly where complex class action litigation is concerned"); *see also* William B. Rubenstein, *Newberg on Class Actions* ("*Newberg*") § 13.1 (5th ed. 2016 Supp.) (citing cases).

PLAINTIFFS' UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT - 10
Case No. 2:17-cv-00677-JCC

**Terrell Marshall Law Group PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1  The traditional means for handling claims like those at issue here—individual litigation—

2  would unduly tax the court system, require a massive expenditure of public and private

3  resources, and, given the small value of the claims of the individual class members, would be

4  wholly impracticable. The proposed Settlement is the best vehicle for Settlement Class

5  Members to receive relief in a prompt and efficient manner.

6      The Manual for Complex Litigation describes a three-step procedure for approval of

7  class action settlements: (1) preliminary approval of the proposed settlement; (2) dissemination

8  of notice of the settlement to all affected class members; and (3) a "fairness hearing" or "final

9  approval hearing," at which class members may be heard regarding the settlement, and at which

10  evidence and argument concerning the fairness, adequacy, and reasonableness of the settlement

11  may be presented. *Manual for Complex Litigation (Fourth)* §§ 21.632–21.634 (2004) (Ann. ed.,

12  2017) ("MCL 4th"). This procedure safeguards class members' due process rights and enables

13  the court to fulfill its role as the guardian of class interests. *See Newberg* § 13.1.

14      Plaintiffs request that the Court take the first step in the settlement approval process by

15  granting preliminary approval of the proposed settlement. The purpose of preliminary

16  evaluation of proposed class action settlements is to determine whether the settlement "is

17  within the range of possible approval" and thus whether notice to the class is worthwhile.

18  *Newberg* § 13.13. This Court has broad discretion to approve or reject a proposed settlement.

19  *Online DVD-Rental*, 779 F.3d at 942, 944 (noting that the standard of review is "clear abuse of

20  discretion" and the appellate court's review is "extremely limited").

21      When a case settles before class certification, the Court must also determine whether the

22  class satisfies the Rule 23 requirements for class certification. Because a settled case will not be

23  tried, manageability considerations are not relevant. *Amchem Prods., Inc. v. Windsor*, 521 U.S.

24  591, 620 (1997).

25

26

27

PLAINTIFFS' UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT - 11
CASE NO. 2:17-cv-00677-JCC

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

**B.    The proposed settlement class should be preliminarily certified.**

Provisional certification of a class for settlement purposes permits notice of the proposed settlement to issue to the class to inform class members of the existence and terms of the proposed settlement, of their right to be heard on its fairness, of their right to opt out, and of the date, time and place of the formal fairness hearing. *See* MCL 4th §§ 21.632, 21.633. For the reasons set forth below, provisional certification is appropriate under Rule 23(a) and (b)(3).

1.    The settlement class satisfies the requirements of Rule 23(a).

The Rule 23(a) requirements are numerosity, commonality, typicality, and adequacy. Fed. R. Civ. P. 23(a). CSO's data shows that the proposed CPA Sub-Class contains more than 5,000 people and the proposed FDCPA Sub-Class contains more than 1,000 people. Joinder of all such persons is impracticable. *See* Fed. R. Civ. P. 23(a)(1); *Hanlon v. Chrysler Corp*., 150 F.3d 1011, 1019 (9th Cir. 1998).

The commonality requirement is satisfied because there are many questions of law and fact common to the Plaintiff Class and to each Sub-Class that center on Defendants' uniform collection practices, and specifically the form letters Defendants mailed to members of the Plaintiff Class. *See* Fed. R. Civ. P. 23(a)(2); *see also Palmer v. Stassinos*, 233 F.R.D. 546, 549 (N.D. Cal. 2006) (finding common questions of law and fact arise "where… the defendants have engaged in standardized conduct towards members of the proposed class by mailing to them allegedly illegal form letters") (quoting *Keele v. Wexler*, 149 F.3d 589, 594 (7th Cir. 1998)); *see also Hunt v. Check Recovery Sys., Inc.*, 241 F.R.D. 505, 510 (N.D. Cal. 2007) (common questions of law and fact where defendant sent out form letters containing the same allegedly unlawful fee demands).

The typicality requirement is satisfied because Plaintiffs' claims, which are based on Defendants' NODs, form letters, and attempted collection of Check Fees, are "reasonably coextensive with those of the absent class members." *See* Fed. R. Civ. P. 23(a)(3); *Hansen v. Ticket Track, Inc.*, 213 F.R.D. 412, 415 (W.D. Wash. 2003).

PLAINTIFFS' UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT - 12
CASE NO. 2:17-cv-00677-JCC

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

The adequacy of representation requirement is satisfied because Plaintiffs' interests are coextensive with, and not antagonistic to, the interests of the Plaintiff Class. *See* Fed. R. Civ. P. 23(a)(4); *see also Hansen*, 213 F.R.D. at 415–16. Further, Plaintiffs are represented by qualified and competent counsel who have extensive experience and expertise in prosecuting consumer class actions. *See* Terrell Decl. ¶¶ 2–8, 23–26 ; Declaration of Paul Arons ¶¶ 3–6; Declaration of Sam Leonard ¶¶ 5–10.

2. The settlement class satisfies the requirements of Rule 23(b)(3).

Class certification is appropriate under Rule 23(b)(3) when "questions of law or fact common to the members of the class predominate over any question affecting only individual members, and … a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Both requirements are satisfied in this case.

Predominance is satisfied here because the common and overarching questions in this case are whether Defendants form collection notices and letters violated statutory requirements. *See Keele*, 149 F.3d at 594–95 (finding predominance where "defendants have engaged in standardized conduct toward members of the proposed class by mailing to them allegedly illegal form letters or documents"); *Quiroz v. Revenue Prod. Mgmt., Inc.*, 252 F.R.D. 438, 443–444 (N.D. Ill. 2008) (predominance requirement satisfied in action alleging defendant's communications with debtors were false and misleading in violation of the FDCPA, finding the "same legal issue would need to be decided with respect to each class member"); *see also Dibb v. AllianceOne Receivables Mgmt.*, No. 14-5835, 2015 WL 8970778 at *5–12 (W.D. Wash. Dec. 16, 2015) (certifying class of consumers making CPA and FDCPA claims based on a collection agency's use of defective NOD and collection of unlawful fees). In addition, members of the Plaintiff Class can be identified from Defendants' records and their actual damages can be calculated using Defendants' records. There are no individualized issues that undermine predominance.[3]

---

[3] The Ninth Circuit's recent decision in *In re Hyundai and Kia Fuel Economy Litig.*, --- F.3d ---, 2018 WL 505343 (9th Cir. Jan. 23, 2018), is not relevant here. *Hyundai* addressed the standards applicable when a district court is

PLAINTIFFS' UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT - 13
CASE NO. 2:17-cv-00677-JCC

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1    Resolution of thousands of the relatively small-value claims in this one action is far

2    superior to individual lawsuits and promotes consistency and efficiency of adjudication. *See*

3    Fed. R. Civ. P. 23(b)(3); *see also Hansen*, 213 F.R.D. at 416–17 (the cumbersome nature of

4    individual litigation and the comparatively minimal damages recoverable under the FDCPA

5    make it likely that class members will have little interest in bringing their own action);

6    *Schwarm v. Craighead*, 233 F.R.D. 655, 664 (E.D. Cal. 2006) (granting class certification in

7    FDCPA case against a check collector "to allow the vindication of the rights of groups of

8    people who individually would be without effect[ive] strength to bring their opponents into

9    court").

10    The requirements of both Rule 23(a) and (b)(3) are met and certification of the Plaintiff

11    Class and Sub-Classes for purposes of settlement is appropriate.

12    **C.    The proposed settlement should be preliminarily approved.**

13    The court's role at the preliminary approval stage is to ensure that "the agreement is not

14    the product of fraud or overreaching by, or collusion between, the negotiating parties, and that

15    the settlement, taken as a whole, is fair, reasonable and adequate to all concerned." *Hanlon*, 150

16    F.3d at 1027 (internal quotes and citations omitted); *see also Online DVD-Rental*, 779 F.3d at

17    944.

18    The following factors guide the Court's consideration of whether a proposed settlement

19    is fair, reasonable, and adequate: (1) the strength of Plaintiff's case; (2) the risk, expense,

20    complexity, and likely duration of further litigation; (3) the risk of maintaining class action

21    status through trial; (4) the amount offered in settlement; (5) the extent of discovery completed

22    and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a

23    governmental participant; and (8) the reaction of the class members to the proposed settlement.

24    *See In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 946 (9th Cir. 2011) (citing

25    *Churchill Village, LLC v. General Electric*, 362 F.3d 566, 575 (9th Cir. 2004)). Courts also

26

27    asked to approve a settlement of a nationwide class. *Id.* at *11. In contrast to *Hyundai*, all of the Class's claims are governed by either Washington or federal law so there are no choice of law issues to consider.

PLAINTIFFS' UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT - 14
CASE NO. 2:17-cv-00677-JCC

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1  consider whether the settlement is the product of collusion between the parties. *Online DVD-*
2  *Rental*, 779 F.3d at 944.

3        Even at this preliminary stage, these factors favor approval of the settlement.

4        1.    The strength of Plaintiffs' case.

5        Plaintiffs are confident in the strength of their case. In Plaintiffs' view, liability was
6  relatively clear based on a review of Defendants collections communications and forms. The
7  strength of Plaintiffs' claims explains in part why they were able to recover all the Check Fees
8  Defendants collected by the Class plus significant injunctive relief, despite the early stage at
9  which the case settled.

10       2.    The risk, expense, complexity, and likely duration of further litigation.

11       Plaintiffs had many procedural hurdles to clear before a potential successful resolution
12 through further litigation. First, Plaintiffs would have had to continue discovery efforts, both
13 written discovery and depositions. Plaintiffs would need to move for class certification, a
14 necessary and always challenging step in the litigation. Defendants would presumably have
15 taken significant discovery from the Plaintiffs. And Defendants would likely have filed
16 dispositive motions arguing that prior judgments entered against Plaintiffs and Class Members
17 and in favor of CSO have a preclusive or res judicata effect on litigation. In addition,
18 proceeding with discovery and trial at this point would be further complicated by Mr. Unfred's
19 unfortunate passing.

20       Litigating this case to trial and through any appeals would have been expensive and
21 time-consuming and would present risk to both parties. The settlement, by contrast, provides
22 prompt and certain relief for class members. *See Rodriguez*, 563 F.3d at 966; *Nat'l Rural*
23 *Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 526 (C.D. Cal. 2004) ("The Court shall
24 consider the vagaries of litigation and compare the significance of immediate recovery by way
25 of the compromise to the mere possibility of relief in the future, after protracted and expensive
26 litigation." (citation omitted)).

27

PLAINTIFFS' UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT - 15
CASE NO. 2:17-cv-00677-JCC

1          3.      The risk of maintaining class action status through trial.

2          Plaintiffs have not yet moved for class certification. There is a risk that Plaintiffs would

3    not have obtained class certification, or that Defendants could later succeed in moving to

4    decertify. *See Custom LED, LLC v. eBay, Inc.*, No. 12-cv-00350-JST, 2014 WL 2916871, at *4

5    (N.D. Cal. June 24, 2014) ("[B]oth parties recognize that eBay will actively oppose

6    certification of the class if the settlement is not approved. As such, the Court finds that the

7    potential difficulties associated with obtaining class certification weigh in favor of approving

8    the settlement.").

9          4.      The amount offered in settlement.

10         The Settlement Agreement provides substantial monetary and non-monetary relief. The

11   Settlement creates a $345,000 non-reversionary fund. All CPA Sub-Class Members who do not

12   opt out will receive at least 100% of any Check Fees they paid to Defendants, and FDCPA Sub-

13   Class Members will receive $10 in statutory damages. § 4.04. This result far exceeds

14   settlements approved by other courts. *See, e.g., Rodriguez*, 563 F.3d at 965 (affirming the

15   district court's approval of a settlement amounting to 30% of the damages estimated by the

16   class expert); *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000) (affirming

17   the district court's approval of a settlement estimated to be worth between 1/6 and 1/2 of class

18   members' estimated loss); *In re Omnivision Tech., Inc.*, 559 F. Supp. 2d 1036, 1042 (N.D. Cal.

19   2008) (approving a settlement amounting to nine percent of estimated total damages).

20         The funds distributed to the Plaintiff Class Members will be allocated in a manner that

21   is fair and reasonable, and no segment of the Plaintiff Class will be excluded from relief. *See,

22   e.g., Gehrich v. Chase Bank USA, N.A.*, 316 F.R.D. 215, 225 (N.D. Ill. 2015) (When some class

23   members have stronger claims than others, it is appropriate to provide larger settlement awards

24   to those class members.). Each CPA Sub-Class Member's share will be based on his or her

25   actual damages. Under the FDCPA, statutory damages for absent class members are limited to

26   $500,000 or 1% of the Defendants' net worth, whichever is less. 15 U.S.C. § 1692k(a)(2)(B).

27

The Defendants' discovery responses reflect a total net worth of $1,256,615. Terrell Decl. ¶ 22. One percent of that amount is $12,566. The $10 statutory damages awards that the approximately 1,941 members of FDCPA Sub-Class will recover under the settlement (a total of $19,410), is likely a better result than the FDCPA Sub-Class could have obtained at trial. Finally, for those CPA Sub-Class Members who have not paid any Check Fees, the injunctive relief provided by the Settlement will fairly compensate them for their claims by preventing Defendants from ever collecting any Check Fees from them. This injunctive relief benefits all CPA Sub-Class Members regardless of whether they paid any of Defendants' Check Fees. Plaintiffs estimate Defendants' credit of the amount of any unpaid Check Fees to CPA Sub-Class Member Accounts will result in forgiven Check Fees of over $625,000. Terrell Decl. ¶ 21.

If the Court grants preliminary approval, all Class Members will receive notice and an opportunity to opt-out or object to the Settlement. *See* § 3.04. The result for the Class is excellent and Class Counsel do not anticipate significant opt outs.

     5.    The extent of discovery completed and the stage of proceedings.

Under this factor, courts look to whether the parties have sufficient information to make an informed decision with respect to the settlement. *See In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000). Prior to mediation, Defendants responded to Plaintiffs' written discovery requests and produced data identifying the Class Members and amounts they paid in Check Fees, as well as documents establishing the time periods during which Defendants used each of the forms and letters challenged. Plaintiffs had received adequate written discovery to assess the strength of their claims, the amount of damages incurred by the Class, the financial assets available to Defendants, and the risks of continued litigation.

     6.    The experience and views of counsel.

Class Counsel have extensive experience litigating and settling class actions, and consumer class actions challenging debt collection practices in particular. Terrell Decl. ¶¶ 2–8,

---

PLAINTIFFS' UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT - 17
CASE NO. 2:17-cv-00677-JCC

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

23–26 ; Arons Decl. ¶¶ 3–6; Leonard Decl. ¶¶ 5–10.. They believe the Settlement is fair, reasonable, adequate, and in the best interest of the Settlement Class as a whole. Terrell Decl. ¶ 18. The recommendation of experienced counsel weighs in favor of granting approval and creates a presumption of reasonableness. *See Bellinghausen v. Tractor Supply Co.*, 306 F.R.D. 245, 257 (N.D. Cal. 2015) ("The trial court is entitled to, and should, rely upon the judgment of experienced counsel for the parties." (citation omitted)); *Knight v. Red Door Salons, Inc.*, No. 08-01520 SC, 2009 WL 248367, at *4 (N.D. Cal. Feb. 2, 2009) (citing counsel's experience and recommendation as weighing in favor of approval). The fact that qualified and well-informed counsel endorse the settlement as being fair, reasonable, and adequate weighs heavily in favor of preliminary approval.

7.    The presence of a governmental participant.

While no governmental entity is a party to this litigation, notice will be issued to the Attorney General of the United States and Attorneys General of each of the States in accordance with the Class Action Fairness Act, 28 U.S.C. § 1715, and given an opportunity to raise any objections or concerns they may have. Settlement Agreement § 3.03.4.

8.    The reaction of class members to the proposed settlement.

The class members have not yet had an opportunity to react to the proposed settlement because they have not been sent notification. Plaintiffs will provide the Court with information about class members' reaction in their motion for final approval of the settlement.

9.    The Settlement is the product of informed and non-collusive negotiations.

"Arm's length negotiations conducted by competent counsel constitute *prima facie* evidence of fair settlements." *Ikuseghan v. Multicare Health Sys.*, No. 3:14-cv-05539-BHS, 2016 WL 3976569, *3 (W.D. Wash. July 25, 2016); *see also Ortiz v. Fiberboard Corp.*, 527 U.S. 815, 852 (1999) ("[O]ne may take a settlement amount as good evidence of the maximum available if one can assume that parties of equal knowledge and negotiating skill agreed upon the figure through arms-length bargaining."); *see also In re Phenylpropanolamine (PPA)*

PLAINTIFFS' UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT - 18
CASE NO. 2:17-cv-00677-JCC

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1  *Prods. Liab. Litig.*, 227 F.R.D. 553, 567 (W.D. Wash. 2004) (approving settlement entered into

2  in good faith, following arm's-length and non-collusive negotiations).

3       With the assistance of an experienced mediator, the parties participated in arm's-length

4  settlement negotiations over the course of a full-day mediation, two weeks of negotiations

5  regarding non-monetary relief, and several additional weeks of negotiations regarding the

6  monetary portion of the Settlement, ultimately resulting in the Settlement Agreement. *See Ruch*

7  *v. AM Retail Group, Inc.,* No. 14-cv-05352-MEJ, 2016 WL 1161453, at *11 (N.D. Cal. Mar.

8  24, 2016) (holding that the "process by which the parties reached their settlement," which

9  included "formal mediation … weigh[ed] in favor of preliminary approval"). In negotiating this

10  Settlement, Class Counsel had the benefit of many years of prior experience combined with

11  knowledge of the facts and law of this case. Terrell Decl. ¶ 13–15; Arons Decl. ¶ 2; Leonard

12  Decl. ¶ 4.

13  **D.  Class Counsel's requested fees are reasonable.**

14       Class Counsel intend to seek an award of no more than $160,000 to compensate them

15  for the work performed on behalf of the Class, as well as to reimburse them for out-of-pocket

16  expenses they have incurred in prosecuting this action.

17       The attorneys' fees and costs Class Counsel seek are reasonable under the

18  circumstances of this case. *See In re Bluetooth*, 654 F.3d at 941 (requiring that any attorneys'

19  fee awarded be reasonable). This Court has discretion to use either the percentage-of-the-fund

20  or the lodestar method to calculate a reasonable attorneys' fee from a common fund established

21  by a class action settlement. *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002);

22  *In re Wash. Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1296 (9th Cir. 1994) ("in

23  common fund cases, no presumption in favor of either percentage or the lodestar method

24  encumbers the district court's discretion to choose one or the other").

25       Plaintiffs' claims for violations of the Washington Consumer Protection Act and the

26  Fair Debt Collection Practices Act provide for mandatory awards of attorneys' fees and costs to

27

PLAINTIFFS' UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT - 19
CASE NO. 2:17-cv-00677-JCC

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

the prevailing party. *See* RCW 19.86.090 (providing for recovery of treble damages together with "the costs of the suit including a reasonable attorney's fee"); 15 U.S.C. § 1692k (providing that a debt collector who fails to comply with the provisions of the FDCPA is liable for actual damages, statutory damages, and "the costs of the action, together with a reasonable attorney's fee as determined by the court"). Here, because Class Members with actual damages will be paid the full amount of their damages, and that Class Members will also benefit from valuable injunctive relief, calculation of Class Counsel's fee using the lodestar method is most appropriate. Using the percentage-of-the-fund method to calculate a fee in a settlement that provides substantial injunctive relief, in addition to significant monetary relief, is likely to result in a fee that is too low considering counsel's success on the merits.

Class Counsel have spent more than 530 hours prosecuting this case on behalf of the Class and their lodestar to date—calculated using hourly rates approved by this Court before— already exceeds $160,000. Terrell Decl., ¶ 20; Arons Decl. ¶ 2; Leonard Decl. ¶ 3. Finalizing the settlement and overseeing notice and distribution of the Class Fund will require an additional time commitment. Class Counsel will file a fee petition detailing their work on behalf of the Class and the basis for the fee request within thirty days of the Notice Deadline.

**E.   The proposed notice program is constitutionally sound.**

Rule 23(e)(1) requires the Court to "direct notice in a reasonable manner to all class members who would be bound by" a proposed settlement. Fed. R. Civ. P. 23(e)(1); *see also* MCL 4th § 21.312. The best practicable notice is that which is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). Plaintiff Class Members can be identified through CSO's records. The parties propose sending postcard notice in the form attached as Exhibit C to the Settlement Agreement directly via first class mail to Class Members. § 3.03.1.

PLAINTIFFS' UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT - 20
CASE NO. 2:17-cv-00677-JCC

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

Notice of a proposed settlement must inform class members of the following: (1) the nature of the pending litigation; (2) the general terms of the proposed settlement; (3) that complete information is available from court files; and (4) that any class member may appear and be heard at the fairness hearing." *Newberg* § 8:17. The postcard notice provides all this information in plain and easily understood language, with neutral and objective information about the nature of the Settlement and where to find more information. Settlement Agreement § 3.03.1, Ex. C. The Settlement Website will include the definition of the Plaintiff Class and each Sub-Class, a statement of each Class Member's rights, a downloadable form Class Members can use to exclude themselves from the settlement, an explanation of how Class Members can object to the Settlement, copies of the Complaint, the Settlement Agreement and other pertinent filings and methods for contacting Class Counsel and obtaining more information. *Id.* § 3.03.2, Ex. D.

**F.    The schedule for final approval.**

The next steps in the settlement approval process are to schedule a final approval hearing, notify class members of the settlement and hearing, and provide class members with the opportunity to exclude themselves from, or object to, settlement. The parties propose the following schedule for final approval of the settlement:

| ACTION | DATE |
|---|---|
| Preliminary Approval Order Entered | At the Court's Discretion |
| Deadline for Mailing Class Notice ("Notice Deadline") | 30 days after entry of Preliminary Approval Order |
| Class Counsel's Fee Motion Submitted | 30 days after Notice Deadline |
| Exclusion/Objection Deadline | 60 days after Notice Deadline |
| Final Approval Brief and Response to Objections Due | Within 85 days after Notice Deadline |

| ACTION | DATE |
|---|---|
| Final Approval Hearing / Noting Date | No earlier than 125 after the Preliminary Approval Order is entered. |
| Final Approval Order Entered | At the Court's discretion |

## IV.  CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court take the following initial steps in the settlement approval process: (1) provisionally certify the proposed Plaintiff Class, CPA Sub-Class, and FDCPA Sub-Class; (2) appoint Plaintiffs as the Representative Plaintiffs; (3) appoint as Class Counsel the law firms of Terrell Marshall Law Group PLLC, Law Office of Paul Arons, and Leonard Law; (4) grant preliminary approval to the Settlement; (5) approve the proposed notice plan; (6) appoint Garden City Group, LLC as the settlement administrator; and (7) schedule the final fairness hearing and related dates.

RESPECTFULLY SUBMITTED AND DATED this 12th day of February, 2018.

TERRELL MARSHALL LAW GROUP PLLC

By:    /s/ Beth E. Terrell, WSBA #26759
   Beth E. Terrell, WSBA #26759
   Email:  bterrell@terrellmarshall.com
   Blythe H. Chandler, WSBA #43387
   Email:  bchandler@terrellmarshall.com
   Elizabeth A. Adams, WSBA #49175
   Email:  eadams@terrellmarshall.com
   936 North 34th Street, Suite 300
   Seattle, Washington 98103-8869
   Telephone: (206) 816-6603
   Facsimile: (206) 319-5450

PLAINTIFFS' UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT - 22
CASE NO. 2:17-cv-00677-JCC

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

Sam Leonard, WSBA #46498
Email: sam@seattledebtdefense.com
LEONARD LAW
1001 4th Ave, Suite 3200
Seattle, Washington 98154
Telephone: (206) 486-1176
Facsimile: (206) 458-6028

Paul Arons, WSBA #47599
Email: lopa@rockisland.com
LAW OFFICE OF PAUL ARONS
685 Spring Street
Friday Harbor, Washington 98250
Telephone: (360) 378-6496
Facsimile: (360) 378-6498

*Attorneys for Plaintiffs*

PLAINTIFFS' UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT - 23
CASE NO. 2:17-cv-00677-JCC

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1

<u>CERTIFICATE OF SERVICE</u>

2

I, Beth E. Terrell, hereby certify that on February 12, 2018, I electronically filed the

3

foregoing with the Clerk of the Court using the CM/ECF system which will send notification of

4

such filing to the following:

5

Suzanne Pierce, WSBA #22733
Email: spierce@davisrothwell.com

6

Patrick Rothwell, WSBA #23878
Email: prothwell@davisrothwell.com

7

Keith M. Liguori, WSBA #51501
Email: kliguori@davisrothwell.com

8

DAVIS ROTHWELL EARLE & XOCHIHUA, P.C.

9

520 Pike Street, Suite 2500
Seattle, Washington 98101

10

Telephone: (206) 622-2295
Facsimile: (206) 340-0724

11

12

*Attorneys for Defendant J. Michael Unfred, d/b/a J. Michael Unfred LLC*

13

Jeffrey I. Hasson, WSBA #23741
E-Mail: hasson@hassonlawllc.com

14

HASSON LAW, LLC
12707 NE Halsey Street

15

Portland, Oregon 97230
Telephone: (503) 255-5352

16

Facsimile: (503) 255-6124

17

*Attorneys for Defendants CSO Financial, Inc.*

18

DATED this 12th day of February, 2018.

19

20

TERRELL MARSHALL LAW GROUP PLLC

21

By:   /s/ Beth E. Terrell, WSBA #26759
Beth E. Terrell, WSBA #26759

22

Email: bterrell@terrellmarshall.com
936 North 34th Street, Suite 300

23

Seattle, Washington 98103
Telephone: (206) 816-6603

24

Facsimile: (206) 319-5450

25

*Attorneys for Plaintiffs*

26

27

PLAINTIFFS' UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT - 24
CASE NO. 2:17-CV-00677-JCC