THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DUANE BOWEN, *et al.*,

Plaintiffs,

v.

CSO FINANCIAL, INC., *et al.*,

Defendants.

CASE NO. C17-0677-JCC

ORDER

This matter comes before the Court on Plaintiffs' unopposed motion pursuant to Federal Rule of Civil Procedure 23(e) for an order preliminarily approving the settlement of this action (Dkt. No. 23) and the parties' settlement agreement (the "Agreement") (Dkt. Nos. 24-1, 24-2). After review of the relevant record, the Court ORDERS as follows:

1. This Court has jurisdiction over the subject matter of this Action and personal jurisdiction over the Parties and the Plaintiff Class.

2. The Court finds that (a) the Agreement resulted from extensive arm's-length negotiations, with participation of an experienced mediator, and (b) the Agreement is sufficient to warrant notice thereof to members of the Plaintiff Class and the Final Approval Hearing described below.

3. Pursuant to Federal Rule of Civil Procedure 23(b)(1) and (b)(3), and for purposes of settlement only, the Court certifies the following Plaintiff Class:

ORDER
C17-0677-JCC
PAGE - 1

> All persons who allegedly wrote a dishonored check for payment in Washington to whom any Defendant attempted to collect that dishonored check between February 9, 2013 and September 1, 2015 and/or February 9, 2016 and September 27, 2016.

The Court also certifies the following CPA Sub-Class:

> All persons in the Plaintiff Class who meet both of the following criteria: (1) The Class Member's Account was assigned on or before September 1, 2015; and (2) on or after February 9, 2013, any Defendant attempted to collect the Account.

The Court also certifies the following FDCPA Sub-Class:

> All persons in the Plaintiff Class who meet both of the following criteria: (1) The Class Member's Account is based upon a dishonored check written primarily for personal, family, or household purposes; and (2) between February 9, 2016 and September 27, 2016, any Defendant sent a notice of dishonor to the Class Member in an attempt to collect the Account.

4. The Court preliminarily finds that the Agreement is fundamentally fair, adequate, and reasonable.

5. The Court appoints Garden City Group, LLC ("GCG") as the administrator of the settlement, who shall fulfill the functions, duties, and responsibilities of the administrator as set forth in the Agreement and this Order.

6. The Court approves the proposed forms of notice and notice plan for giving direct notice to the Plaintiff Class by U.S. Mail as set forth in the Agreement and its attached exhibits ("Notice Plan"). The Notice Plan, in form, method, and content, fully complies with the requirements of Rule 23 and due process, constitutes the best notice practicable under the circumstances, and is due and sufficient notice to all persons entitled thereto. The Court finds that the Notice Plan is reasonably calculated to, under all circumstances, reasonably apprise the persons in the Plaintiff Class of the pendency of this action, the terms of the Agreement, the right to object to the settlement and to exclude themselves from the Plaintiff Class, and the process for submitting a claim for monetary relief.

7. Pursuant to the Agreement, GCG shall provide individual notice via U.S. Mail to the most recent address for each Class Member reflected in the records produced by Defendant CSO in this Action, as updated by GCG through the National Change of Address system, no later than March 16, 2018 (the "Notice Deadline"), which is thirty (30) days following entry of this Order. GCG shall also set up a Settlement Website.

8. Members of the Class may exclude themselves from the Plaintiff Settlement Class by advising GCG by mailing a written request no later than May 15, 2018 ("Opt-Out Deadline"), which is sixty (60) days after the Notice Deadline. All written requests must be signed, and if mailed, must be postmarked no later than the Opt-Out Deadline.

9. Any Settlement Class Member who desires to object to the fairness of this settlement must file a written objection with the Court by May 15, 2018 ("Objection Deadline"), which is sixty (60) days after the Notice Deadline. The objection must provide the objector's name, address, telephone number, and the reason(s) for the objection.

10. Anyone who properly objects, as described herein, may appear at the Final Approval Hearing, including through an attorney hired at the objector's expense. Such objectors or their attorneys intending to appear at the Final Approval Hearing must file a notice of appearance with this Court no later than ten (10) days prior to the Final Approval Hearing. Any member of the Plaintiff Class who fails to comply with the provisions herein shall waive and forfeit any and all rights to appear and/or object separately, and shall be bound by the terms of this settlement and the orders and judgments of this Court. Class Counsel shall file responses to any valid objections no later than fourteen (14) days prior to the Final Approval Hearing. Defendants' counsel also may file responses, but no later than fourteen (14) days prior to the Final Approval Hearing.

11. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, a hearing will be held before this Court to determine whether the settlement is fair, reasonable, and adequate, and should be approved by this Court; to determine whether the Final Approval Order and Final

Judgment under this settlement should be entered; to consider the application for attorneys' fees and expenses of Class Counsel; to consider the application for a service award to the Representative Plaintiffs; to consider the distribution of the Settlement Fund pursuant to the Agreement; and to rule on any other matters that the Court may deem appropriate. At the Final Approval Hearing, the Court may enter the Final Approval Order and Final Judgment in accordance with the Agreement that will adjudicate the rights of the Settlement Class Members.

12. The Final Approval Hearing is scheduled for July 10, 2018 at 9:00 a.m. before the Honorable John C. Coughenour at the United States District Court for the Western District of Washington, 700 Stewart Street, Courtroom 16206, Seattle, Washington 98101.

13. All memoranda and other submissions in support of the Final Approval Order and Final Judgment and this settlement shall be filed no later than fourteen (14) days prior to the Final Approval Hearing, including proof of compliance with the notice provisions of the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715.

14. All notice and settlement administration expenses shall be paid separately from the Settlement Fund pursuant to the Agreement.

15. On or before thirty (30) days after the Notice Deadline, Class Counsel shall file and serve an application for an award of attorneys' fees and out-of-pocket costs, and an application for service awards to the Representative Plaintiffs. The application shall be posted on the Settlement Website within twenty-four hours after the day it is filed.

16. On or before fourteen (14) days prior to the Final Approval Hearing, Class Counsel shall file and serve a motion for final approval and responses to any objections.

17. All members of the Class will be bound by all orders pertaining to the settlement unless such person(s) request exclusion from the Plaintiff Class. Members of the Plaintiff Class who do not timely and validly request exclusion shall be so bound, even if they have previously or subsequently initiated individual litigation or other proceedings against the Released Parties relating to the Released Claims.

18. Plaintiff Class Members do not need to appear at the Final Approval Hearing or take any other action to indicate their approval and partake in this settlement.

19. This Order and the settlement are not admissions or concessions by Defendants of any liability or wrongdoing. This Order is not a determination of liability or wrongdoing. This Order also does not constitute any opinion or position of this Court as to the merits of the claims and defenses related to this Action.

20. This Action is stayed until further ordered by this Court, except such actions and proceedings that may be necessary to implement this settlement and Order.

21. Pending final determination of whether the settlement should be approved, Plaintiffs, all Plaintiff Class Members, and any person or entity allegedly acting on behalf of Plaintiff Class Members, either directly, representatively or in any other capacity, are preliminarily enjoined from commencing or prosecuting against the Released Parties any action or proceeding in any court or tribunal asserting any of the Released Claims, provided, however, that this injunction shall not apply to individual claims of any Class Members who timely exclude themselves in a manner that complies with this Order. This injunction is necessary to protect and effectuate the settlement, this Order, and the Court's flexibility and authority to effectuate this settlement and to enter judgment when appropriate, and is ordered in aid of the Court's jurisdiction and to protect its judgments pursuant to 28 U.S.C. § 1651(a).

22. If Final Approval does not occur, the parties shall be returned to the status quo ex ante, for all litigation purposes, as if no settlement had been negotiated or entered into and thus this Order and all other findings or stipulations regarding the settlement shall be automatically void, vacated, and treated as if never filed.

23. Counsel for the parties are hereby authorized to utilize all reasonable procedures in connection with the administration of the settlement which are not materially inconsistent with either this Order or the terms of the Settlement Agreement.

24. This Court retains jurisdiction to consider all further matters arising out of or connected with the settlement. The Court reserves the right to adjourn or continue the date of the Final Approval Hearing without further notice to Settlement Class Members. The Court may approve or modify the settlement without further notice to Plaintiff Class Members.

25. The following timeline will govern proceedings through the Final Approval Hearing:

| **DEADLINE** | **EVENT** |
| --- | --- |
| February 24, 2018 (Ten days after entry of this Order) | Deadline for GCG to serve CAFA Notice |
| March 16, 2018 (Thirty days after entry of this Order) | Deadline to mail notice |
| March 16, 2018 (Thirty days after entry of this Order) | Deadline to make the settlement website available |
| April 15, 2018 (Thirty days after Notice Deadline) | Deadline for Class Counsel to file their motion for attorneys' fees, costs, and incentive award to the class representative |
| May 15, 2018 (Sixty days after Notice Deadline) | Deadline for Class Members to submit exclusion requests or objections |
| June 26, 2018 (Fourteen days before Final Approval Hearing) | Deadline to file responses to objections and motion for final approval |
| July 10, 2018 (At the court's convenience but no earlier than 120 days after entry of this order) | Final Approval Hearing |

DATED this 14th day of February 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE