THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

DUANE BOWEN; AMANDA MAIER;
KATHLEEN MULLER; and LUIS ORTIZ, on
behalf of themselves and on behalf of others
similarly situated,

                Plaintiffs,

     v.

CSO FINANCIAL, INC., a/k/a CREDIT
SERVICES OF OREGON; J. MICHAEL
UNFRED, d/b/a J. MICHAEL UNFRED LLC;
and DOES ONE THROUGH TEN,

           Defendants.

NO. 2:17-cv-00677-JCC

**PLAINTIFFS' MOTION FOR FINAL
APPROVAL OF CLASS ACTION
SETTLEMENT**

**NOTED FOR CONSIDERATION:
July 10, 2018 at 9:00 a.m.**

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT
CASE NO. 2:17-cv-00677-JCC

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1

## **TABLE OF CONTENTS**

2

Page

3

I.    INTRODUCTION ...................................................................................................... 1

II.   STATEMENT OF FACTS ........................................................................................ 2

4

III.  AUTHORITY AND ARGUMENT ........................................................................... 4

5

      A.   The proposed Settlement is fair, adequate, and reasonable ................................. 4

6

           1.   The strength of Plaintiffs' case .................................................................. 5

7

           2.   The risk, expense, complexity, and likely duration of
                further litigation ......................................................................................... 5

8

9

           3.   The risk of maintaining class action status through trial ........................... 6

10

           4.   The amount offered in settlement ............................................................... 6

11

           5.   The extent of discovery completed and the stage of proceedings .......... 8

12

           6.   The experience and views of counsel ........................................................ 8

13

           7.   The presence of a governmental participant ............................................. 9

14

           8.   The reaction of class members to the proposed settlement .................... 9

15

           9.   The Settlement is the product of informed and non-collusive
                negotiations .............................................................................................. 10

16

      B.   The Court-ordered Notice Program is constitutionally sound ........................ 11

17

      C.   The Settlement Class should be finally certified .............................................. 11

18

      D.   Class Counsel's requested fees and the Class Representatives' requested
           statutory damages and service awards should be approved ............................ 12

19

20

IV.   CONCLUSION ........................................................................................................ 12

21

22

23

24

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - i
CASE NO. 2:17-cv-00677-JCC

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1

## TABLE OF AUTHORITIES

Page

2

3

*Bellinghausen v. Tractor Supply Co.*,
    306 F.R.D. 245 (N.D. Cal. 2015) ................................................................. 9

4

*Churchill Village, LLC v. Gen. Elec.*,
    361 F.3d 566 (9th Cir. 2004) ....................................................................... 5

5

6

*Custom LED, LLC v. eBay, Inc.*,
    No. 12-cv-00350-JST, 2014 WL 2916871 (N.D. Cal. June 24, 2014) ........................ 6

7

*Gehrich v. Chase Bank USA, N.A.*,
    316 F.R.D. 215 (N.D. Ill. 2015) .................................................................. 7

8

9

*Ikuseghan v. Multicare Health Sys.*,
    No. 3:14-cv-05539-BHS, 2016 WL 3976569 (W.D. Wash. July 25, 2016) ............... 10

10

*In re Bluetooth Headset Prods. Liab. Litig.*,
    654 F.3d 935 (9th Cir. 2011) .................................................................. 5, 10

11

12

*In re Mego Fin. Corp. Sec. Litig.*,
    213 F.3d 454 (9th Cir. 2000) .................................................................. 7, 8

13

*In re Omnivision Tech., Inc.*,
    559 F. Supp. 2d 1036 (N.D. Cal. 2008) ......................................................... 7

14

15

*In re Online DVD-Rental Antitrust Litig.*,
    779 F.3d 934 (9th Cir. 2015) ....................................................................... 5

16

*In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*,
    227 F.R.D. 553 (W.D. Wash. 2004) ........................................................... 10

17

18

*Knight v. Red Door Salons, Inc.*,
    No. 08-01520 SC, 2009 WL 248367 (N.D. Cal. Feb. 2, 2009) ................................ 9

19

*Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*,
    221 F.R.D. 523 (C.D. Cal. 2004) ................................................................ 6

20

21

*Ortiz v. Fiberboard Corp.*,
    527 U.S. 815 (1999) ............................................................................... 10

22

*Rodriguez v. W. Publ'g Corp.*,
    563 F.3d 948 (9th Cir. 2009) .................................................................. 6, 7

23

24

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

*Ruch v. AM Retail Grp., Inc.,*
    No. 14-cv-05352-MEJ, 2016 WL 1161453 (N.D. Cal. Mar. 24, 2016) ..................... 10

**FEDERAL RULES**

Fed. R. Civ. P. 23 ........................................................................................................ 2, 4, 11

**FEDERAL STATUTES**

15 U.S.C. § 1692k(a)(2)(B) ...................................................................................................... 7

28 U.S.C. § 1715 ...................................................................................................................... 9

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1

# I.  INTRODUCTION

Plaintiffs and Class Counsel request that the Court find the proposed class-wide settlement is fair, adequate and reasonable and grant final approval of the Settlement Agreement and Release of Claims ("Settlement"). This action challenges Defendants' practice of collecting or attempting to collect Check Fees[1] without having sent a Notice of Dishonor that complies with statutory requirements. Plaintiffs also challenge Defendant Unfred's practice of collecting debts in Washington without a required license, and Defendants' practice of sending letters that fail to provide a validation notice required by the Fair Debt Collection Practices Act ("FDCPA").

The Settlement is an excellent result for the Class. Members of the CPA Sub-Class for whom the Settlement Administrator has a deliverable address will receive an award of 100% of the Check Fees they paid to Defendants. FDCPA Sub-Class members will receive a statutory damages award that likely exceeds what they could have recovered at trial. Defendant CSO Financial will also enter partial satisfactions of judgment in the amount of any unpaid Check Fees in cases in which CSO obtained judgments against CPA Sub-Class members that includes Check Fees. CSO will also forgive all unpaid Check Fees on all CPA Sub-Class member Accounts. The Settlement Administrator has a deliverable address for 5,942 members of the Settlement Class.  2,239 members of the Settlement Class will receive payments, with no requirement to have filed a claim form.

The Settlement Class members have reacted positively to the Settlement. The deadline for Settlement Class members to object to or exclude themselves from the Settlement has

---

[1] Unless otherwise noted, capitalized terms have the definitions set forth in the Settlement Agreement and Release of Claims attached as Exhibit 1 to the Declaration of Beth E. Terrell in support of Plaintiffs' Motion for Preliminary Approval of the Settlement (Dkt. Nos. 24-1, 24-2).

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 1
CASE NO. 2:17-CV-00677-JCC

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1  passed. Only two people opted out. No Settlement Class members have objected to the

2  Settlement or Class Counsel's fee request.

3        Because the requirements of Rule 23(e) and (h) are satisfied, Plaintiffs request that the

4  Court grant final approval to the Settlement by: (1) approving the Settlement Agreement; (2)

5  determining that adequate notice was provided to the Settlement Class; (3) finally certifying the

6  Settlement Class; (4) granting Class Counsel $156,581 in attorneys' fees and costs[2]; and (5)

7  approving statutory damage and service awards of $2,500 each to the four Class

8  Representatives.

9              **II.  STATEMENT OF FACTS**

10        On February 14, 2018, the Court granted preliminary approval of the classwide

11  Settlement negotiated by the parties. Dkt. No. 27 ("Preliminary Approval Order"). The

12  Settlement requires Defendants to pay $345,000 to establish a non-reversionary Settlement

13  Fund that will be used to: (1) pay cash awards to all Settlement Class members for whom the

14  Settlement Administrator has a deliverable address with no requirement that Settlement Class

15  members file a claim; (2) pay statutory damages and service awards to the four Class

16  Representatives, as approved by the Court; and (3) pay up to $156,851 in attorneys' fees and

17  litigation costs, as approved by the Court. *See* Dkt. Nos. 24-1, 24-2 ("Settlement Agreement")

18  §§ 1.22, 2.04, 4.04. The costs of the notice and settlement administration, estimated at $43,700,

19  shall be paid separately by Defendant CSO's insurer. *Id.* § 2.01.

20

21  _____

22  [2] After receiving the final list of settlement class members with deliverable addresses from the
Settlement Administrator, and calculating the total amount of the Check Fees and FDCPA
statutory damages to be paid, Class Counsel are reducing their requested fee award from

23  $160,000 to $156,851, in order to ensure that the Class Fund contains sufficient funds to make
all payments to the Class. Declaration of Blythe Chandler in support of Plaintiffs' Motion for

24  Final Approval of the Settlement ("Chandler Decl.") ¶ 2.

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

Class Counsel filed their Motion for Attorneys' Fees and Service and Statutory Damages Awards on April 12, 2018. Dkt. No. 28. The motion and supporting declarations were posted to the Settlement Website the next day. Declaration of Loree Kovach Regarding Notice and Settlement Administration ("Kovach Decl.") ¶ 12.

The Settlement Administrator, Garden City Group ("GCG"), completed the notice program as directed in the Preliminary Approval Order. Preliminary Approval Order ¶ 5–7. GCG received 13,281 Class member records from counsel. Kovach Decl. ¶ 6. GCG de-duplicated the list, completed a National Change of Address update, and mailed 7,192 initial postcard notices. *Id.* ¶¶ 6–8. GCG received updated addresses and re-mailed 1,224 postcard notices. *Id.* ¶ 9. GCG received a total of 1,142 returned postcards for which no updated address was available even after advanced searching. *Id.* ¶ 10. These individuals will not be sent a settlement award check. Settlement Agreement § 3.03.1, 4.03.

The Settlement Class has reacted favorably to the Settlement. Settlement Class members had 60 days from the date of the mailing of the initial postcard notice to exclude themselves from the settlement or submit objections. The deadline to opt out or object was May 15, 2018. Preliminary Approval Order ¶¶ 8–9. Only two people opted out of the settlement, Kovach Decl. ¶ 14, Ex. E. One exclusion request is being honored despite being untimely. No one objected to the Settlement. *Id.* ¶ 13.

There are 4,865 CPA Sub-Class members with a deliverable address, 762 of whom paid Check Fees. Chandler Decl. ¶ 3. There are 1,703 FDCPA Sub-Class members with a deliverable address. *Id.* ¶ 4. CPA Sub-Class members will receive settlement awards totaling 100% of the Check Fees they paid to Defendants. Settlement Agreement § 4.04.2; Chandler Decl. ¶ 5. Settlement Class members were not required to submit claim forms to be eligible for

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 3
CASE NO. 2:17-cv-00677-JCC

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1   payments under the Settlement Agreement.

2        In addition, the Settlement provides significant non-monetary relief designed to protect

3   CPA Sub-Class members from further collection efforts for the Check Fees at issue in this case.

4   Defendants have agreed to the following prospective relief: (1) Defendants shall permanently

5   cease any effort to collect Check Fees on any Account in the CPA Sub-Class; (2) Defendants

6   shall not transfer or assign CPA Sub-Class member Accounts without notifying the transferee

7   that the transferee is prohibited from collecting Check Fees; (3) CSO shall credit each CPA

8   Sub-Class member Account the amount of any unpaid Check Fees; and (4) if a judgment was

9   entered against a CPA Sub-Class member, and the judgment has not been satisfied, CSO shall

10  file a partial satisfaction of judgment for the amount of any unpaid Check Fees. Settlement

11  Agreement §§ 5.01-5.05. This injunctive relief benefits all CPA Sub-Class members regardless

12  of whether they paid any of Defendants' Check Fees.

13       Plaintiffs estimate Defendant CSO's credit of the amount of any unpaid Check Fees to

14  CPA Sub-Class member Accounts will result in forgiven Check Fees of over $625,000. Dkt.

15  No. 24 ¶ 21.

16                    **III.  AUTHORITY AND ARGUMENT**

17       Proposed class action settlements are not effective unless approved by the Court. Fed.

18  R. Civ. P. 23(e). A court should approve a class settlement only if the court determines after a

19  hearing that the settlement is "fair, adequate, and reasonable." Fed. R. Civ. P. 23(e)(2).

20  **A.    The proposed Settlement is fair, adequate, and reasonable.**

21       The following factors guide the Court's consideration of whether a proposed settlement

22  is fair, reasonable, and adequate: (1) the strength of plaintiff's case; (2) the risk, expense,

23  complexity, and likely duration of further litigation; (3) the risk of maintaining class action

24

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 4
CASE NO. 2:17-cv-00677-JCC

status through trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement. *See In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 944 (9th Cir. 2015) (citing *Churchill Village, LLC v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004)). When a case settles prior to class certification, the court should also ensure that the settlement is not the product of collusion between the parties. *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 946 (9th Cir. 2011).

        1.      The strength of Plaintiffs' case.

From the outset, Plaintiffs have been confident in the strength of their case. In Plaintiffs' view, liability was relatively clear based on a review of Defendants' collections communications and forms. The strength of Plaintiffs' claims explains in part why they were able to obtain a $345,000 non-reversionary Settlement Fund sufficient to repay all the Check Fees Defendants collected from the CPA Sub-Class and pay FDCPA statutory damages, plus significant injunctive relief.

        2.      The risk, expense, complexity, and likely duration of further litigation.

Litigating this case to trial and through any appeals would have been expensive and time-consuming and would present risk to both parties. The case settled at a relatively early stage in the proceedings, meaning that much remained to be done before Plaintiffs could have prevailed at trial. Plaintiffs would have had to complete discovery, including further written discovery and depositions. Plaintiffs would have had to seek class certification, which is a time consuming and risky part of any class action. Defendants would presumably have taken significant discovery from the Plaintiffs. And Defendants would likely have filed dispositive

1  motions arguing that prior judgments entered against Plaintiffs and Class members and in favor

2  of CSO have a preclusive or res judicata effect on this litigation. In addition, proceeding with

3  discovery and trial would have been complicated by Mr. Unfred's unfortunate passing.

4       The Settlement provides a far superior result. The Settlement provides significant,

5  prompt and certain relief for all Class members. *See Rodriguez v. W. Publ'g Corp.*, 563 F.3d

6  948, 966 (9th Cir. 2009); *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523,

7  526 (C.D. Cal. 2004) ("The Court shall consider the vagaries of litigation and compare the

8  significance of immediate recovery by way of the compromise to the mere possibility of relief

9  in the future, after protracted and expensive litigation." (citation omitted)).

10      3.    The risk of maintaining class action status through trial.

11      Plaintiffs have not yet moved for class certification. Although Plaintiffs view it as

12  relatively low, there is a risk that Plaintiffs would not have obtained class certification, or that

13  Defendants could later succeed in moving to decertify. *See Custom LED, LLC v. eBay, Inc.*,

14  No. 12-cv-00350-JST, 2014 WL 2916871, at *4 (N.D. Cal. June 24, 2014) ("[B]oth parties

15  recognize that eBay will actively oppose certification of the class if the settlement is not

16  approved. As such, the Court finds that the potential difficulties associated with obtaining class

17  certification weigh in favor of approving the settlement.").

18      4.    The amount offered in settlement.

19      The Settlement Agreement provides substantial monetary and non-monetary relief. The

20  Settlement creates a $345,000 non-reversionary fund. All CPA Sub-Class members for whom

21  the Settlement Administrator has a deliverable address will receive 100% of any Check Fees

22  they paid to Defendants. FDCPA Sub-Class members will receive $10 in statutory damages.

23  Settlement Agreement § 4.04; Chandler Decl. ¶ 6. This result far exceeds settlements approved

24

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 6
CASE NO. 2:17-cv-00677-JCC

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

by other courts. *See, e.g., Rodriguez*, 563 F.3d at 965 (affirming the district court's approval of

a settlement amounting to 30% of the damages estimated by the class expert); *In re Mego Fin.*

*Corp. Sec. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000) (affirming the district court's approval of a

settlement estimated to be worth between 1/6 and 1/2 of class members' estimated loss); *In re*

*Omnivision Tech., Inc.*, 559 F. Supp. 2d 1036, 1042 (N.D. Cal. 2008) (approving a settlement

amounting to nine percent of estimated total damages).

        The funds distributed to Class members will be allocated in a manner that is fair and

reasonable, and no segment of the Class will be excluded from relief. *See, e.g., Gehrich v.*

*Chase Bank USA, N.A.*, 316 F.R.D. 215, 225 (N.D. Ill. 2015) (When some class members have

stronger claims than others, it is appropriate to provide larger settlement awards to those class

members.). Each CPA Sub-Class member's award will be the amount of his or her actual

damages. Under the FDCPA, statutory damages for absent class members are limited to

$500,000 or 1% of the Defendants' net worth, whichever is less. 15 U.S.C. § 1692k(a)(2)(B).

The Defendants' discovery responses reflect a total net worth of $1,256,615. Dkt. No. 24 ¶ 22.

One percent of that amount is $12,566. The $10 statutory damages awards that the

approximately 1,703 members of FDCPA Sub-Class will recover under the settlement (a total

of $17,040[3]), is likely a better result than the FDCPA Sub-Class could have obtained at trial.

Finally, for those CPA Sub-Class members who have not paid any Check Fees, the injunctive

relief provided by the Settlement will fairly compensate them for their claims by preventing

Defendants from ever collecting any Check Fees from them. This injunctive relief benefits all

CPA Sub-Class members, regardless of whether they paid any of Defendants' Check Fees or

---

[3] One FDCPA Sub-Class member has more than one account and will receive a payment of $20
in statutory damages. Therefore, the total amount of statutory damages to be paid to FDCPA
Sub-Class members is $17,040.00. Chandler Decl. ¶ 6.

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 7
CASE NO. 2:17-cv-00677-JCC

the Settlement Administrator has a deliverable address. Plaintiffs estimate Defendants' credit of

the amount of any unpaid Check Fees to CPA Sub-Class member Accounts will result in

forgiven Check Fees of over $625,000. Dkt. No. 24 ¶ 21.

The Settlement Fund is also non-reversionary. The Settlement Agreement provides for

any amounts remaining in the Settlement Fund as a result of uncashed checks to be paid in *cy*

*pres* to Columbia Legal Services and Northwest Justice Project, two local non-profit legal aid

organizations that represent low income consumers in consumer debt cases. Settlement

Agreement § 4.06.5.

The excellent result obtained for the Class is a likely reason why no Settlement Class

members objected to the Settlement and only two opted out.

5.    The extent of discovery completed and the stage of proceedings.

Under this factor, courts look to whether the parties have sufficient information to make

an informed decision with respect to the settlement. *See Mego Fin.*, 213 F.3d at 459. Prior to

mediation, Defendants responded to Plaintiffs' written discovery requests and produced data

identifying the Class members and amounts they paid in Check Fees, as well as documents

establishing the time periods during which Defendants used each of the forms and letters

challenged. Dkt. No. 24 ¶ 13. Plaintiffs had received adequate written discovery to assess the

strength of their claims, the amount of damages incurred by the Class, the financial assets

available to Defendants, and the risks of continued litigation.

6.    The experience and views of counsel

Class Counsel have extensive experience litigating and settling class actions, and

consumer class actions challenging debt collection practices in particular. Dkt. No. 24 ¶¶ 2–8,

23–26; Dkt. No. 25 ¶¶ 3–6; Dkt. No. 26 ¶¶ 5–10. They believe the Settlement is fair,

1    reasonable, adequate, and in the best interest of the Settlement Class as a whole. Dkt. No. 24

2    ¶ 18. The recommendation of experienced counsel weighs in favor of granting approval and

3    creates a presumption of reasonableness. *See Bellinghausen v. Tractor Supply Co.*, 306 F.R.D.

4    245, 257 (N.D. Cal. 2015) ("The trial court is entitled to, and should, rely upon the judgment of

5    experienced counsel for the parties." (citation omitted)); *Knight v. Red Door Salons, Inc.*, No.

6    08-01520 SC, 2009 WL 248367, at *4 (N.D. Cal. Feb. 2, 2009) (citing counsel's experience

7    and recommendation as weighing in favor of approval).

8         7.    The presence of a governmental participant.

9         No government entity is a party to this litigation. However, the Settlement

10   Administrator provided notice of the proposed Settlement to the Attorney General of the United

11   States and Attorneys General of each of the fifty States in accordance with the Class Action

12   Fairness Act, 28 U.S.C. § 1715. Kovach Decl. ¶ 5, Exs. A, B. No government officials have

13   raised any objections to or concerns about the Settlement.

14        8.    The reaction of class members to the proposed settlement.

15        The Settlement Class members have reacted positively to the proposed Settlement. The

16   Settlement Administrator sent postcard notices that were not returned as undeliverable to 5,942

17   Class members. None of the Settlement Class members objected to the Settlement or Class

18   Counsel's request fee award. Only two people excluded themselves from the Settlement Class.

19   Kovach Decl. ¶¶ 13–14, Ex. E. A third Class member who submitted a letter referencing

20   exclusion to the Settlement Administrator did not understand that she would be paid money as

21   a result of the Settlement, was appreciative of the Settlement when she learned that she would

22   receive a check, and advised Class Counsel that she did not want to be excluded. Chandler

23

24

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 9
CASE NO. 2:17-cv-00677-JCC

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1    Decl. ¶ 7. The Settlement Administrator received calls from 135 Settlement Class members.

2    Kovach Decl. ¶ 11.

3        9.    The Settlement is the product of informed and non-collusive negotiations.

4    "Arm's length negotiations conducted by competent counsel constitute *prima facie*

5    evidence of fair settlements." *Ikuseghan v. Multicare Health Sys.*, No. 3:14-cv-05539-BHS,

6    2016 WL 3976569, *3 (W.D. Wash. July 25, 2016); *see also Ortiz v. Fiberboard Corp.*, 527

7    U.S. 815, 852 (1999) ("[O]ne may take a settlement amount as good evidence of the maximum

8    available if one can assume that parties of equal knowledge and negotiating skill agreed upon

9    the figure through arms-length bargaining."); *see also In re Phenylpropanolamine (PPA)*

10   *Prods. Liab. Litig.*, 227 F.R.D. 553, 567 (W.D. Wash. 2004) (approving settlement entered into

11   in good faith, following arm's-length and non-collusive negotiations).

12   With the assistance of an experienced mediator, the parties participated in arm's-length

13   settlement negotiations over the course of a full-day mediation, two weeks of negotiations

14   regarding non-monetary relief, and several additional weeks of negotiations regarding the

15   monetary portion of the Settlement, ultimately resulting in the Settlement Agreement. *See Ruch*

16   *v. AM Retail Grp., Inc.,* No. 14-cv-05352-MEJ, 2016 WL 1161453, at *11 (N.D. Cal. Mar. 24,

17   2016) (holding that the "process by which the parties reached their settlement," which included

18   "formal mediation … weigh[ed] in favor of preliminary approval").

19   In addition, the Settlement contains none of the "subtle signs" of collusion that the

20   Ninth Circuit has identified as indicators that a proposed Settlement may be unfair. This is not a

21   case where the Class receives no money, but Class Counsel is well compensated. *See*

22   *Bluetooth*, 654 F.3d at 947. Class Counsel do not seek a disproportionate share of the

23   Settlement and there is no "clear sailing" arrangement providing for payment from fees

24

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 10
CASE NO. 2:17-cv-00677-JCC

separate from class funds. *Id.* Further, any amounts requested by Class Counsel in attorneys'

fees and costs, but not awarded by the Court will be added to the class fund, not returned to

Defendants. *Id.* The Settlement provides for the Settlement Class members who paid Check

Fees to Defendants to receive 100% of their actual damages, in addition to valuable non-

monetary relief. And Class Counsel seek an award of fees that is less than their total lodestar in

the case. *See* Dkt. No. 28.

The Settlement Agreement is the result of arm's length negotiations and contains no

indicators of improper collusion between the parties.

**B.    The Court-ordered Notice Program is constitutionally sound.**

The Preliminary Approval Order directed that a postcard notice be mailed to members

of the Settlement Class. Preliminary Approval Order ¶¶ 6–7. The Settlement Administrator

completed the Notice Plan as directed, including completing advance address searches for

Class members whose postcards were returned undeliverable, followed by remailing where

possible. Kovach Decl. ¶¶ 8–10. Direct notice via mail satisfies the requirements of due process

and is a reasonable manner for providing notice under Federal Rule of Civil Procedure

23(e)(1). In addition, the Settlement Administrator established and maintained a publicly

available website containing documents relevant to the Settlement and responses to frequently

asked questions, Kovach Decl. ¶ 12, and provided a toll-free information line to answer

questions from Class members, *id.* ¶ 11.

**C.    The Settlement Class should be finally certified.**

In its Preliminary Approval Order, the Court conditionally granted class certification of

the Class and subclasses for settlement purposes only. Preliminary Approval Order at ¶ 3. The

proposed Class and subclasses consist of thousands of Washington consumers who received

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

forms and letters that are the same as the ones Plaintiffs received. For that reason, and all the reasons set forth in Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement (Dkt. No. 23 at 12–13), the Court should finally certify the Settlement Class.

**D.    Class Counsel's requested fees and the Class Representatives' requested statutory damages and service awards should be approved.**

Not a single Settlement Class member objected to Class Counsel's request for reasonable attorneys' fees, and statutory damages and service awards to Class Representatives Duane Bowen, Amanda Maier, Kathleen Muller, and Luis Ortiz. In addition, in this motion, Class Counsel are reducing their requested attorneys' fees by a total of $3,149 in order to ensure that the Class Fund is sufficient to pay Settlement Class Members all Check Fees and FDPCA statutory damage awards. For all the reasons set forth in Plaintiffs' Motion for Attorneys' Fees and Service and Statutory Damages Awards (Dkt. No. 28), Class Counsel respectfully request that the Court award (1) Class Counsel $156,851 in attorneys' fees and costs; and (2) Class Representatives Bowen, Maier, Muller, and Ortiz, $2,500 each in statutory damages and service awards.

## IV.  CONCLUSION

For all the foregoing reasons, Plaintiffs respectfully request that the Court enter an Order (1) approving the Settlement Agreement; (2) determining that adequate notice was provided to the Settlement Class; (3) finally certifying the Settlement Class; (4) granting Class Counsel an attorneys' fees and costs award of $156,851; and (5) approving an award of $2,500 each to Class Representatives Duane Bowen, Amanda Maier, Kathleen Muller, and Luis Ortiz.

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1

RESPECTFULLY SUBMITTED AND DATED this 26th day of June, 2018.

2

3

TERRELL MARSHALL LAW GROUP PLLC

4

By:   /s/ Beth E. Terrell, WSBA #26759
      Beth E. Terrell, WSBA #26759

5

      Email:  bterrell@terrellmarshall.com
      Blythe H. Chandler, WSBA #43387

6

      Email:  bchandler@terrellmarshall.com
      Elizabeth A. Adams, WSBA #49175

7

      Email:  eadams@terrellmarshall.com
      936 North 34th Street, Suite 300

8

      Seattle, Washington 98103-8869
      Telephone: (206) 816-6603

9

      Facsimile: (206) 319-5450

10

      Sam Leonard, WSBA #46498
      Email:  sam@seattledebtdefense.com

11

      LEONARD LAW
      1001 4th Avenue, Suite 3200

12

      Seattle, Washington 98154
      Telephone: (206) 486-1176

13

      Facsimile: (206) 458-6028

14

      Paul Arons, WSBA #47599
      Email:  lopa@rockisland.com

15

      LAW OFFICE OF PAUL ARONS
      685 Spring Street

16

      Friday Harbor, Washington 98250
      Telephone: (360) 378-6496

17

      Facsimile: (360) 378-6498

18

      *Attorneys for Plaintiffs*

19

20

21

22

23

24

1

## CERTIFICATE OF SERVICE

2

     I, Beth E. Terrell, hereby certify that on June 26, 2018, I electronically filed the

3

foregoing with the Clerk of the Court using the CM/ECF system which will send notification of

4

such filing to the following:

5

6
        Suzanne Pierce, WSBA #22733
        Email: spierce@davisrothwell.com
        Patrick Rothwell, WSBA #23878

7
        Email: prothwell@davisrothwell.com
        Keith M. Liguori, WSBA #51501

8
        Email: kliguori@davisrothwell.com
        DAVIS ROTHWELL EARLE & XOCHIHUA, P.C.

9
        520 Pike Street, Suite 2500
        Seattle, Washington 98101

10
        Telephone: (206) 622-2295
        Facsimile: (206) 340-0724

11

12
     *Attorneys for Defendant J. Michael Unfred, d/b/a J. Michael Unfred LLC*

13
        Jeffrey I. Hasson, WSBA #23741
        E-Mail: hasson@hassonlawllc.com

14
        HASSON LAW, LLC
        9385 SW Locust Street

15
        Tigard, Oregon 97223
        Telephone: (503) 255-5352
        Facsimile: (503) 255-6124

16

17
     *Attorneys for Defendants CSO Financial, Inc.*

18
    DATED this 26th day of June, 2018.

19
             TERRELL MARSHALL LAW GROUP PLLC

20
             By: /s/ Beth E. Terrell, WSBA #26759
                Beth E. Terrell, WSBA #26759

21
                Email: bterrell@terrellmarshall.com
                936 North 34th Street, Suite 300

22
                Seattle, Washington 98103
                Telephone: (206) 816-6603
                Facsimile: (206) 319-5450

23

24
             *Attorneys for Plaintiffs*

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 14
Case No. 2:17-cv-00677-JCC

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com