THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DUANE BOWEN, *et al.*, on behalf of themselves and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CSO FINANCIAL, INC., *et al.*,,<br><br>Defendants. | CASE NO. C17-0677-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiffs' unopposed motion for final approval of the class action settlement (Dkt. No. 34), unopposed motion for attorney fees and statutory damage and service awards (Dkt. No. 28), and the parties' stipulation and proposed order for injunction (Dkt. No. 34-2).

The Court previously reviewed the Stipulated Settlement Agreement and Release ("Settlement" or "Agreement") in this matter. (Dkt. Nos. 24-1, 24-2.) On February 14, 2018, the Court entered an order (Dkt. No. 27) granting Plaintiffs' motion for preliminary approval of the Settlement (Dkt. No. 23).

Plaintiffs now move for final approval of the Settlement (Dkt. No. 34). Plaintiffs and their counsel have also moved for an award of attorney fees and statutory damage and service awards to the class representative (Dkt. No. 28), as provided for in the Settlement. Both motions

are unopposed. The parties have separately filed a stipulation and proposed order for injunction. (Dkt. No. 34-2). The Court held a fairness (final approval) hearing on July 10, 2018. No one appeared at the fairness hearing to object to the Settlement.

Having duly considered all submissions and arguments presented, the Court FINDS and ORDERS as follows:

1. The capitalized terms used in this Final Approval Order and Judgment shall have the same meaning as defined in the Agreement, except as may otherwise be ordered.

2. The Court has jurisdiction over the subject matter of this action and over all claims raised therein and all Parties thereto, including the Plaintiff Class.

3. The Court hereby approves the Agreement, including the plans for implementation and distribution of the Settlement Fund, and finds that the Agreement is, in all respects, fair, reasonable and adequate to the Plaintiff Class Members, within the authority of the parties and the result of extensive arm's length negotiations. The Parties shall effectuate the Agreement in accordance with its terms. The Agreement and every term and provision thereof shall be deemed incorporated herein as if explicitly set forth and shall have the full force of an Order of this Court.

4. Only two Plaintiff Class Members, Tracy A Vaughn and Debbie A Fagan, opted out of the Plaintiff Class. No Plaintiff Class Members filed objections.

5. The Plaintiff Class, which will be bound by this Final Approval Order and Judgment, shall include members of the Plaintiff Class who did not submit timely and valid requests to be excluded.

6. The Court finds that the plan for Settlement Notice, set forth in Article VII of the Agreement and effectuated pursuant to the Preliminary Approval Order, was the best notice practicable under the circumstances and provided due and sufficient notice to the Plaintiff Class of the pendency of the Action, certification of the Class, the existence and terms of the Agreement, and the Final Approval Hearing, and satisfies the Federal Rules of Civil Procedure,

the United States Constitution, the requirements set forth in *In Re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 994 (9th Cir. 2010), and any other applicable law.

7. The Agreement is in all respects fair, reasonable, and adequate, is in the best interests of the Plaintiff Class, and is therefore approved.

8. All persons who have not made their objections to the settlement in the manner provided in the Agreement are deemed to have waived any objections by appeal, collateral attack, or otherwise.

9. Within the time period set forth in Section 4 of the Agreement, settlement payments shall be issued to each Plaintiff Class Member under the terms and conditions of the Agreement.

10. Upon the Effective Date, members of the Plaintiff Class who did not validly and timely opt-out shall have, by operation of this Final Approval Order and Judgment, forever released, resolved, relinquished, and discharged the Released Parties from any claims that arise out of or relate to Defendants' debt collection efforts based on the Notice of Dishonor forms or on the underlying dishonored checks, including but not limited to claims based on a violation of the FDCPA, CPA, and any other statutory or common law claim.

11. This Final Approval Order and Judgment, the Agreement, the settlement which it reflects, and any and all acts, statements, documents, or proceedings relating to the settlement are not, and shall not be construed as, or used as an admission by or against Defendants of any fault, wrongdoing, or liability on their part or of the existence or amount of any damages.

12. The payments ordered herein shall be made in the manner and at the times set forth in the Agreement. Any amounts remaining in the Settlement Fund after the deadline to cash checks, including any second distribution checks, has expired shall be disbursed to the Northwest Justice Project and Columbia Legal Services.

13. The Court finds the number of hours expended by Class Counsel in this litigation and Class Counsel's hourly rates to be reasonable. The Court hereby grants Class Counsel's

request for an award of reasonable attorneys' fees and litigation costs in the amount of $156,851. The Court further grants Class Counsel's application for Statutory Damages and Service Awards for Representative Plaintiffs Duane Bowen, Amanda Maier, Kathleen Muller, and Luis Ortiz in the amount of $2,500 each.

14. The above-captioned Action is hereby dismissed in its entirety with prejudice. Except as otherwise provided in this Final Approval Order and Judgment, the parties shall bear their own costs and attorneys' fees. Without affecting the finality of the Judgment hereby entered, the Court reserves jurisdiction over the implementation of the Agreement, including enforcement and administration of the Agreement.

Pursuant to the parties' stipulation (Dkt. No. 34-2), the Court further ORDERS that Defendant CSO shall permanently cease any effort to collect Check Fees from any member of the CPA Sub-Class as defined in the Settlement Agreement approved by this Court.

It is hereby ORDERED.

DATED this 10th day of July 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE